309 S.E.2d 108

John C. ARBOGAST, Sheriff, etc.

v.

The RANDOLPH COUNTY CSC, etc.,
Resp. Below, Timothy J. Amos, et al.

No. 15875.

Supreme Court of Appeals of
West Virginia.

Nov. 14, 1983.

R. Sue Core, Elkins, for appellants.

James F. Cain, Elkins, for appellees.

NEELY, Justice:

In this case, we are asked to decide whether certain employees of the Randolph County Sheriff's Department are covered by civil service. Appellants first raised this issue before the Randolph County civil service commission at a hearing held on 13 September 1982. The commission found that those deputies classified as "jail" deputies were covered by civil service but those classified as "office" deputies were not so covered.[1] There is no transcript of that hearing.

On 12 November 1982, the appellee sheriff filed a civil action against the Commission in the Circuit Court of Randolph County seeking a declaratory judgment as to the legal rights of his employees. On 11 January 1983, the circuit court upheld the commission's finding that office deputies are not covered by civil service, but reversed the commission's finding as to jail deputies, holding that they were also outside the scope of civil service.

The law in this area is straightforward. *W. Va. Code* 7-14-1 [1971] to 7-14-21 [1971] governs the civil service status of the employees in the sheriff's office. In relevant part, the statute provides that "deputy sheriffs" or "deputies" are those employees whose "primary duties ... are within the scope of active, general law enforcement and as such are authorized to carry deadly weapons, patrol the highways, per-

---

1. Deputy sheriffs in Randolph County are placed in one of three informal categories: jail deputies, office deputies and road deputies. All parties are in agreement that road deputies are covered by civil service. This case raises the issue of civil service protection for the other two categories.

**610**

form police functions, make arrests or safeguard prisoners." *W.Va.Code* 7–14–2(a)(2) [1978].

Both parties to the dispute agree that this statute governs the outcome. They are apparently in disagreement about whether the employees in question carry out such law enforcement functions. Unfortunately, the record presented to us is virtually bereft of evidence on this central issue. In fact, the parties are not even in agreement about which exhibits are a part of the record.

This is not a case in which legal clarification is necessary. The legislature has defined what officers are functioning within the civil service system. The issue here is a factual one. Without a clear record, this court is in no position to make that determination.

Therefore, for the reasons given above, we remand to the Circuit Court of Randolph County with directions to prepare a record and enter an appropriate order with findings of fact and conclusions of law.

Remanded.