338 S.E.2d 225

**William FILIATREAU, et al.,**

v.

**ALLSTATE INSURANCE CO.**

No. 16575.

Supreme Court of Appeals
of West Virginia.

Dec. 17, 1985.

M. Jane Glauser and James E. Seibert, Seibert, Kasserman, Farnsworth, Gillenwater, Glauser & Richardson, Wheeling, for appellant.

Charles D. Bell, Wellsburg, for appellee.

BROTHERTON, Justice.

On December 29, 1976, Mary V. Ratcliffe contracted to sell a building located in Wheeling, Ohio County, West Virginia, to William F. Filiatreau for the sum of $32,-000.00. A $1,000.00 down payment was made and held in escrow by the real estate agent to be applied to the purchase price at the closing of the sale. The printed form contract contained the following language typed in:

It is further mutually understood and agreed that the risk of loss or damage to said premises by fire or otherwise until delivery of said deed is assumed by seller.

According to the contract, transfer of the property was to take place on or before the 27th day of January, 1977.

On December 30, 1976, William Filiatreau applied for a fire insurance policy with Allstate Insurance Company. An Allstate agent issued a binder for $40,000.00 in fire insurance on the building. Fire policy # 18–047–258–F was issued and dated December 31, 1976, to be effective for one year until December 31, 1977.

The property in question was destroyed by fire on January 6, 1977, prior to the closing of the sale.

The Filiatreaus did not complete the purchase pursuant to the Sales Agreement, nor did they institute any proceeding for specific performance. However, the Filiatreaus, apparently pursuant to a new agreement, purchased the damaged property for the sum of $9,000.00, and thereafter spent $25,000.00 repairing the property, plus $500.00 in closing costs, for a total expenditure of $34,500.00. It is unclear whether the $1,000.00 downpayment is a part of this figure. The Filiatreaus thereafter filed a claim with Allstate for the fire insurance in the amount of $40,000.00, claiming the building to be a total loss. The claim was denied.

The Filiatreaus filed a complaint on March 9, 1977, in the Circuit Court of Ohio County, seeking to compel Allstate to pay the insurance proceeds. After considerable discovery by the parties, the Filiatreaus filed a motion for summary judgment. In response to this motion, the Circuit Court of Ohio County, West Virginia, by order dated the 22nd day of February, 1984, granted summary judgment in favor of the plaintiffs and against the defendant, Allstate, in the amount of $40,000.00, that being the face amount of the fire insurance policy issued by Allstate. Allstate appeals to this Court citing as error that the Filiatreaus had no insurable interest and that they suffered no loss when the building burned.

Unfortunately, the record in this case is not at a stage where we can decide these issues. Several questions important to the determination of this case remain yet to be answered. Factual areas which need further examination include:

(1) What happened to the $1,000.00 down payment;

(2) To what extent would the Filiatreaus have been damaged by abandoning the contract after the fire;

(3) Was there a new contract for purchase of the burned building after the fire or was this a continuation of the original contract;

(4) Was there more than one fire insurance policy on the building.

"When litigants present a record to this court from which it is impossible to determine facts that are necessary for the decision of the case, this court will remand for further development of the record." Syllabus, *Arbogast v. Randolph County CSC*, 172 W.Va. 609, 309 S.E.2d 108 (1983). Because we do not have sufficient facts on which to decide this case, we remand for further proceedings.

Remanded.