363 S.E.2d 521

**Charles E. WALLS**

v.

**Marguerite WALLS.**

**No. 17670.**

Supreme Court of Appeals of West Virginia.

Dec. 2, 1987.

---

Paul R. Sheridan, Logan, for Charles E. Walls.

Charles Walls, Sr., Crown, for Marguerite Walls.

NEELY, Justice:

Technically, this appeal arises from a custody modification order that changed the custody of the parties' six-year-old child from his mother to his father. Unfortunately, however, the problems in this case are so extensive that no repair work can satisfactorily be done on appeal; the only reasonable course is to remand the case.

The parties before us are both indigent and unsophisticated. Mr. Walls has an eighth grade education and was enrolled in special education classes throughout his training at Buffalo Creek Grade School and Man Junior High School. During the divorce proceedings he was represented by a lawyer who was suspended from the practice of law before the modification proceedings at issue in this case were initiated. Furthermore, the initial divorce action was heard by a commissioner rather than the circuit judge, but the modification proceedings were conducted before the judge.

Mr. and Mrs. Walls first separated in 1983 when Mrs. Walls left the marital residence with her child to live with her mother in Greenbrier County. About five months later Mr. Walls' sister telephoned Mrs. Walls, and during the course of that telephone conversation, Mrs. Walls allegedly indicated that she intended to kill herself and the child. Upon receiving this information Mr. Walls, his brother, and a friend went to Greenbrier County and took the child. In January, 1984 a divorce complaint was filed and that October the first day of hearings began. At the conclusion of the hearings the divorce commissioner recommended that Mr. Walls receive custody of the child and the circuit court agreed.

Over the next several months Mrs. Walls tried to visit the child but was prevented from doing so by Mr. Walls. On two occasions Mrs. Walls, whose original lawyer had been transferred to Morgantown, sought rules to show cause why Mr. Walls shouldn't be held in contempt for denying her visitation. The court admonished Mr. Walls on a number of occasions to cooperate in visitation but then in desperation the court found Mr. Walls in contempt. On 14 July 1986 the court modified that original decree to grant custody of the child to Mrs. Walls.

In November, 1986 Mr. Walls moved the court to change custody alleging that Mrs. Walls was not a fit parent; she got drunk; her home was violent; she threatened him; she neglected the child; the child was

abused; she had forced the child to drink beer; and, she had willfully failed to comply with the wishes of the court by interfering with visitation. On 30 December 1986 the court heard the matter and on 17 February 1987, a month and a half after the hearing, the court issued an opinion indicating that it had decided the change of custody motion in favor of Mr. Walls. The primary reason, however, for the court's change of custody was the court's conclusion that it had erred when it had previously changed custody from Mr. Walls to Mrs. Walls because "[t]he Court finds that before it could order a change of custody, a hearing had to be held with due notice and the essential elements to justify a change of custody would have had to be proved. The custody was changed without a hearing . . . ."

Now both parties have new, conscientious lawyers who have filed exhaustive briefs arguing about such issues as the circumstances that will justify a change of custody and whether one party's deliberate and contumacious frustration of the visitation rights of the other party is sufficient grounds for a court to change custody. Unfortunately, by virtue of a comedy of errors we are foreclosed from inquiring into the soundness of the court's initial determination to place the child with Mr. Walls. Mrs. Walls had retained counsel in Greenbrier County to file an appeal from the final decree depriving her of custody. However, because the circuit court modified its order to award her custody, Mrs. Walls abandoned her appeal and by the time the circuit court got around to reversing his own modification order, the time for filing an appeal had expired.

Obviously, what is at stake in this case is not simply the application of technical rules of law. Rather, we are required to pass upon the appropriate custody arrangement for a young child who has lived with both his mother and his father. Given the sprawling and unfocused record before us, with its unreported hearings and recitation *ad nauseam* of events that transpired four years ago, we are not comfortable selecting one parent over the other from this vantage point, nor are we comfortable turning the case on technical legal rules. *Lemley v. Barr*, 176 W.Va. 378, 343 S.E.2d 101 (1986). Far better, we believe, to remand this case with directions to determine now what is in the best interest of the child, without regard to any of the court's previous orders or to which parent was initially the primary caretaker or became such as a result of court orders. As a result of our stay, the child is currently in the custody of Mrs. Walls and it is ordered that custody remain in Mrs. Walls pending the results of the hearing. Authority for such remand is found in syllabus point 2 of *South Side Lumber Co. v. Stone Construction Co.*, 151 W.Va. 439, 152 S.E.2d 721 (1967) in which we stated: "When the record in an action of suit is such that an appellate court can not in justice determine the judgment that should be finally rendered, the case should be remanded to the trial court for further development."

Reversed and remanded with directions.