375 S.E.2d 803

**Cledith R. McFARLAND**

v.

**DEPARTMENT OF FINANCE AND AD-MINISTRATION, and Civil Service Commission of the State of West Virginia.**

No. 17382.

Supreme Court of Appeals of West Virginia.

Dec. 9, 1988.

Gary A. Cillias, McIntyre, Haviland & Jordan, Charleston, for appellant.

PER CURIAM:

This case is before the Court upon the appeal of Cledith R. McFarland from an order of the Civil Service Commission. The appellees are the West Virginia Department of Finance and Administration and the West Virginia Civil Service Commission. This Court has before it the petition for appeal, all matters of record, and briefs of counsel.

The appellant McFarland was employed as a parking guard with the General Services Division of the West Virginia Department of Finance and Administration at the State Capitol Complex beginning February 4, 1980. He stopped working on March 8, 1984, due to an on-the-job injury which occurred on January 6, 1984. An extended medical leave of absence, without pay, was approved by the Commissioner of the Department of Finance and Administration.

On October 1, 1984, the appellant was advised by letter of his dismissal, effective October 16, 1984, due to his failure to report back to work since September 24, 1984, the date of the expiration of his medical leave of absence. The appellant also failed to apply for an extension of his leave. The appellant appealed the dismissal to the West Virginia Civil Service Commission. Following a hearing in January, 1985, the Civil Service Commission held that the appellant's discharge was without good cause, and ordered that the appellant be placed on a leave of absence without pay until his Workers' Compensation claim would be decided.

In November, 1985, the Workers' Compensation Commissioner denied the appellant's claim. The appellant appealed the Commissioner's ruling to the Workers' Compensation Appeal Board.

In December, 1985, the appellant requested a medical leave of absence and supplied a physician's certificate indicating that he was still temporarily disabled. The Commissioner of Finance and Administra-

tion advised the appellant by letter that his request was denied and that the appellant was being terminated from employment, effective January 3, 1986. The Commissioner's letter cited the fact that the appellant's workers' compensation claim had been denied.

The appellant appealed this dismissal to the Civil Service Commission, and following a hearing, the Commission upheld the appellant's dismissal in May, 1986. In its order, the Civil Service Commission pointed out that it was apparent that the Department of Finance and Administration had complied with the previous order, reinstating the appellant without pay until the workers' compensation claim was decided. The denial of the appellant's workers' compensation claim, the Civil Service Commission reasoned, terminated the restriction imposed by the Commission in its initial ruling of reinstatement.

In March, 1987, the Workers' Compensation Appeal Board reversed the Commissioner and found that the appellant's injury was compensable, and that he was entitled to temporary total disability benefits. That decision was not appealed by the Department of Finance and Administration.

The appellant maintains that the Civil Service Commission erred in upholding his dismissal and not ordering the Department of Finance and Administration to permit him to remain on medical leave without pay until his workers' compensation claim was *finally* resolved. In the alternative, the appellant argues that the Civil Service Commission should have held its decision in abeyance until the workers' compensation claim was finally decided.

Pursuant to *W. Va. Code,* 29–6–15 [1977], the appellant brings this appeal from the decision of the Civil Service Commission, and requests that this Court reverse the Commissioner's decision.

The issue in this case involves the Civil Service Commission's Regulation 16.8, which deals with leaves of absence without pay.[1] The appellant relies on a prior deci-

---

1. Regulation 16.8 states:

    16.8. Leave of absence without pay.

    (a) Personal leave—Upon application in writing to, and written approval of the appointing authority, a permanent, probationary, or provisional employee may be granted a leave of absence without pay for a specific period of time which normally should not exceed one (1) year. A leave of absence without pay may exceed the normal one (1) year limitation and may be granted at the discretion of the appointing authority based on the department's personnel needs. Time spent by probationary employees for leaves of absence shall not be construed as time served in completing the probationary period. This section shall not be construed to extend the provisional period limitation

    (b) Medical leave; notice to employee.

    (1) An injured or ill permanent employee upon written application to the appointing authority shall be granted a medical leave of absence without pay not to exceed six (6) months within a twelve (12) month period: *Provided,* That

    (A) The employee makes application (i) no later than fifteen (15) calendar days following the expiration of all sick leave and compensatory time, or (ii) no later than fifteen (15) calendar days following the date on which the employee filed a claim for Workers' Compensation, or (iii) within fifteen (15) calendar days after the employee is injured or ill; and

    (B) The employee's absence is due to an illness or injury which is verified by a physician's written statement that the employee is unable to perform his or her duties and giving a tentative date for the employee's return to work; and

    (C) A physician's statement is submitted every thirty (30) calendar days to confirm the necessity for continued leave; and

    (D) The disability as verified by a physician is not of such nature as to render the employee permanently unable to perform his duties.

    (2) The appointing authority shall, at least fifteen (15) days prior to, if possible, but no later than five (5) days following the expiration of the employee's sick leave, mail to the employee a written notice of the employee's right to a medical leave of absence without pay and that the leave will not be granted if the employee fails to apply within the above time limits.

    (c) End of leave—At the expiration of leave of absence without pay, the employee shall be reinstated to his or her former position, or one of comparable pay and duties, without loss of rights, unless the position is no longer available due to a reduction in force caused by curtailment of funds. If the leave of absence without pay was granted for illness, the employee must furnish from the attending physician a certificate indicating the ability of the employee to return to work. The appointing authority may permit an employee to return to work at or before the expiration of the leave of absence at less than full duty, but the terms of return shall be written and are sub-

sion of the Civil Service Commission that interpreted this particular regulation. That decision held that an employee who receives workers' compensation benefits should be granted leave without pay for the period of the temporary total disability if the appointing authority fails to show that it would suffer an adverse impact by granting the leave. The appellant maintains that his case is only different from this prior civil service decision because his workers' compensation claim was *initially* ruled noncompensable, but *finally* ruled compensable.[2]

The Civil Service Commission did not have before it the decision of the Workers' Compensation Appeal Board wherein the appellant's workers' compensation claim was finally ruled compensable. Consequently, it was not considered when the Civil Service Commission rendered its decision upholding the appellant's dismissal. This Court has held: "When the record in an action or suit is such that an appellate court can not in justice determine the judgment that should be finally rendered, the case should be remanded ... for further development." Syl. pt. 2, in part, *South Side Lumber Co. v. Stone Construction Co.*, 151 W.Va. 439, 152 S.E.2d 721 (1967). *See also* syl., *Arbogast v. Randolph County Civil Service Commission*, 172 W.Va. 609, 309 S.E.2d 108 (1983).

Therefore, this matter will be remanded to the Civil Service Commission so that it may decide, pursuant to *W. Va. Code*, 29–6–15 [1977], whether the appellant was dismissed for good cause in light of the Workers' Compensation Appeal Board's decision.

REMANDED.

ject to review and renewal every thirty (30) calendar days. Such review may include the requirement of additional certification by a physician. Failure of the employee to report promptly at the expiration of a leave of absence without pay, except for satisfactory reasons submitted in advance to the appointing authority, shall be cause for dismissal.

2. The transcript of the proceedings before the Civil Service Commission does not reflect the ultimate disposition of the appellant's workers' compensation claim. However, in his brief, the appellant has informed this Court of the Workers' Compensation Appeal Board's ruling and has attached the Board's order as an exhibit to his brief. The appellee, in its brief, does not dispute this.