432 S.E.2d 789

**Clayton E. HIGGINBOTHAM, Plaintiff Below, Appellee,**

v.

**Juanita J. HIGGINBOTHAM, Defendant Below, Appellant.**

No. 21215.

Supreme Court of Appeals of West Virginia.

Submitted May 5, 1993.

Decided June 28, 1993.

Andrew S. Nason, Pepper & Nason, Charleston, for plaintiff.

David L. Hill, Hill, McCoy & Corey, Hurricane, for defendant.

MILLER, Justice:

The defendant, Juanita J. Higginbotham, appeals from the final order of the Circuit Court of Putnam County, entered June 25, 1991, which granted her a divorce from the plaintiff, Clayton E. Higginbotham, and which substantially altered the findings and recommendations made by the family law master. Mrs. Higginbotham filed a motion for reconsideration, but it was denied by the circuit court by an order entered May 27, 1992. Mrs. Higginbotham contends on appeal that the circuit court erred in modifying the family law master's findings and recommendations and requests this Court to remand the case with special instructions to enter a judgment based upon the family law master's conclusions or, in the alternative, to remand the case with instructions to conduct further proceedings on the issues. After reviewing the issues, we find it necessary to remand the case for further development.

The parties were married on April 2, 1966, and Mr. Higginbotham filed an action for divorce on March 21, 1989. A temporary hearing was held and an order was

entered awarding Mrs. Higginbotham custody of the parties' minor child, $250 per month in child support, and exclusive possession of the marital home. In addition, the temporary order provided that Mr. Higginbotham was to pay the mortgage payment on the marital home and that whoever paid the joint debts of the parties would be given credit in the final determination. Subsequently, several additional hearings were held before the family law master who sent his proposed findings of fact, conclusions of law, and recommended order to the circuit court in March of 1990. Both parties filed exceptions to the family law master's recommended order.

After filing their exceptions, the parties learned that the majority of the audiotapes which contained the recordings of the hearings before the family law master were either inaudible or lost. Without the benefit of these tapes, the circuit judge proceeded to conduct several unrecorded hearings to resolve the parties' differences. As a result of these hearings and in light of other evidence submitted to him, the circuit judge decided to substantially alter the family law master's recommended order.[1]

Although several changes were made from the family law master's recommended order in the circuit court's final order, the most notable ones involved child support, alimony, equitable distribution, and payment of the marital debt. For instance, the family law master calculated that $288 per month in child support was called for under the child support formula; however, Mr. Higginbotham should pay only $250 because he was making the mortgage payments of $571 per month as incident to the support. Likewise, the family law master found that Mrs. Higginbotham was entitled to $1 per month in alimony until the minor child reached eighteen or was sooner emancipated, at which time, Mr. Higginbotham should pay $350 per month in alimony.

However, no alimony should be paid so long as Mr. Higginbotham continued to make the mortgage payments. The family law master also recommended that Mrs. Higginbotham should receive $1,500 from Mr. Higginbotham as consideration for all claims she may have against him for equitable distribution.

In the final order issued by the circuit court, Mr. Higginbotham was ordered to pay $25 per month in child support and to continue to make the mortgage payments until the minor child reached eighteen or was sooner emancipated. He was to pay only $150 per month in alimony even after the child reached eighteen.[2] The order also states that Mrs. Higginbotham was to pay Mr. Higginbotham $11,121.22, which represented her share of the debts paid by Mr. Higginbotham, one-half of the equity in two crypts owned by the parties, and one-half of the value of her profit sharing. The court order does not indicate how the $11,121 figure was precisely determined. In her brief, Mrs. Higginbotham suggests the amount, in part, represents a portion of the mortgage payments paid by Mr. Higginbotham.

Moreover, although not mentioned in the final order, the circuit court wrote in a letter dated April 29, 1991, that the $1,500 recommended award to Mrs. Higginbotham as consideration for claims that may exist against Mr. Higginbotham was unwarranted. Neither the final order nor the April 29, 1991, letter to the parties, which informed the parties of the court's decision on all the issues and requested Mr. Higginbotham's counsel to prepare an order to its effect, provides any clear explanations for many of the changes made between the recommended order and the final order.

We recognize that under W.Va. Code, 48A–4–10(c) (1990), a circuit court "may, in its discretion, enter an order upon

---

1. In her reply brief to this Court, Mrs. Higginbotham asserts that the various hearings held before the circuit court were not designed to be hearings for additional evidence, but rather to be negotiation and settlement conferences. She further contends that the circuit court only heard some of the evidence presented to the family law master.

2. We note that the minor child became eighteen years old on September 18, 1991, which is less than three months after the final order was entered by the circuit court.

different terms, as the ends of justice may require."[3] This section, however, limits a circuit judge's ability to overturn a family law master's findings and conclusions unless they fall within one of the six enumerated statutory criteria contained in this section. Moreover, as we indicated in Syllabus Point 2 of *Whiting v. Whiting,* 183 W.Va. 451, 396 S.E.2d 413 (1990), Rule 52(a) of the West Virginia Rules of Civil Procedure requires a circuit court which changes a family law master's recommendation to make known its factual findings and conclusions of law.

▆▆▆ In light of the substantial factual conflict between the parties, the lack of a record before the family law master, and the absence of clearly articulated reasons for the changes in the family law master's recommended order, we are unable to determine whether the circuit court was justified in entering the final order. In Syllabus Point 3 of *Heydinger v. Adkins,* 178 W.Va. 463, 360 S.E.2d 240 (1987), we stated:

" 'When the record in an action or suit is such that an appellate court can not in justice determine the judgment that should be finally rendered, the case should be remanded to the trial court for further development.' Syl. pt. 2, *South*

*Side Lumber Co. v. Stone Construction Co.,* 151 W.Va. 439, 152 S.E.2d 721 (1967)."

We, therefore, find it appropriate to remand this case to the circuit court for further development.

▆▆▆ Upon remand, the circuit court should follow the procedure we recently set forth in *State ex rel. Sullivan v. Watt,* 187 W.Va. 447, 419 S.E.2d 708 (1992), to deal with situations in which the audiotape recordings of the proceedings before the family law master are inaudible and are incapable of being transcribed. In Syllabus Points 8, 9, and 10 of *Sullivan,* we stated:

"8. Where a petition for review of a family law master's recommended order is filed, a party may utilize the procedure outlined in Rule 4A(c) of the West Virginia Rules of Appellate Procedure for making an evidentiary record.[4]

"9. Under W.Va.Code, 48A–4–10(d) (1990), a circuit court may recommit a recommended order which is deficient as to matters which might be affected by evidence not considered or inadequately developed in the family law master's recommended order. However, the circuit court must, by order, instruct the family law master as to the deficiencies in the record.[5]

---

3. W.Va.Code, 48A–4–10(c), in its entirety, reads:

"The circuit court shall examine the recommended order of the master, along with the findings and conclusions of the master, and may enter the recommended order, may recommit the case, with instructions, for further hearing before the master or may, in its discretion, enter an order upon different terms, as the ends of justice may require. The circuit court shall not follow the recommendation, findings, and conclusions of a master found to be:

"(1) Arbitrary, capricious, an abuse of discretion, or otherwise not in conformance with the law;

"(2) Contrary to constitutional right, power, privilege, or immunity;

"(3) In excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

"(4) Without observance of procedure required by law;

"(5) Unsupported by substantial evidence; or

"(6) Unwarranted by the facts."

4. Rule 4A(c) of the Rules of Appellate Procedure provides, in pertinent part:

"(c) *Record on Petition....* In lieu of filing all or part of the transcript of testimony, the petitioner shall set out in the petition a statement of all facts pertinent to the issues he raises. The petition shall include a certificate by the petitioner's attorney that the facts alleged are faithfully represented and that they are accurately presented to the best of his ability. The use of the abbreviated procedure, set forth in this Rule 4A, places the highest possible fiduciary duty upon a lawyer with regard to the court and intentional misrepresentation of any sort is grounds for disciplinary action."

5. W.Va.Code, 48A–4–10(d), provides:

"In making its determinations under this section, the circuit court shall review the whole record or those parts of it cited by a party. If the circuit court finds that a master's recommended order is deficient as to matters which might be affected by evidence not considered or inadequately developed in

"10. Where a circuit court finds that all or portions of the audio tape taken at the family law master's hearing are inaudible and that the inaudible portions are essential to the resolution of the petition for review, the circuit court may utilize the provisions of W.Va.Code, 48A–4–10(d) (1990), or of Rule 80(e) of the West Virginia Rules of Civil Procedure to obtain the missing evidence." [6]

Therefore, upon remand, the circuit court has the option of following the procedure outlined in Rule 4A(c) of the West Virginia Rules of Appellate Procedure, remanding the case to the family law master under W.Va.Code, 48A–4–10(d), or proceeding to hear the matter by utilizing Rule 80(e) of the West Virginia Rules of Civil Procedure to get a statement of evidence in lieu of a transcript.

For the foregoing reasons, we hereby reverse the final order of the Circuit Court of Putnam County in all respects, except for the unnumbered paragraph granting the parties their divorce, and remand the case for further development.

Reversed, in part, and remanded.

the master's recommended order, the court may recommit the recommended order to the master, with instructions indicating the court's opinion, or the circuit court may proceed to take such evidence without recommitting the matter."

6. Rule 80(e) of the Rules of Civil Procedure reads:

*"Use of statement of evidence in lieu of transcript.*—In the event a stenographic or mechanical report of the proceedings had and testimony taken at a hearing or trial before the court was not made or in the event a reporter's stenographic or mechanical record thereof has become lost or a transcript thereof is not obtainable, any party to the action may prepare a statement of the proceedings from the best available means, including his recollection, for use instead of a transcript thereof. The statement shall be served upon all other adverse parties within a reasonable time after the hearing or trial, and the adverse parties may serve objections or amendments thereto within 10 days after service of the statement upon them. Thereupon the statement, with the objections or proposed amendments, shall be submitted to the court for settlement and approval and when and as settled and approved such statement becomes a part of the record when it is signed by the judge and filed with the court."

The complete text of W.Va.Code, 48A–4–10(d), is contained in note 5, *supra.*