506 S.E.2d 332

**James Steven MINK, Appellee,**

v.

**Linda Susan MINK, Appellant.**

**No. 24959.**

Supreme Court of Appeals of West Virginia.

Submitted June 3, 1998.

Decided July 10, 1998.

---

**3.** Kings Daughters Housing, Inc.'s "KD Court" housing was constructed pursuant to 42 U.S.C. § 13641(2).

Teresa D. Daniel, Fayetteville, for Appellee.

Kenneth J. Barnett, Summersville, for Appellant.

## PER CURIAM: [1]

Appellant Linda Mink (hereinafter "Appellant") appeals an order of the Circuit Court of Nicholas County reducing the rehabilitative alimony granted by the family law master. The family law master had recommended that the Appellant's former husband, James Mink (hereinafter "Appellee"), pay rehabilitative alimony of $1200 monthly for seven years, and the lower court reduced that amount to $1000 monthly for five years. The Appellant contends that the lower court erred in reducing the rehabilitative alimony without making findings necessary to modify the family law master's recommendation. We reverse and remand for reinstatement of the rehabilitative alimony award previously granted.

### I.

On May 5, 1995, the Appellee sought a divorce on the grounds of irreconcilable differences after twenty-two years of marriage. The parties had one child, Brian, presently age fifteen. At the time of the divorce, the Appellee was forty-two years of age and earned approximately $50,000 to $60,000, including salary and commission, in his position with Auxier Welding. The Appellant was forty-three years of age and had worked outside the home for only brief periods of time. She was pursuing a behavioral science degree and was enrolled in two college classes at the time of the final hearing.

The family law master determined that an award of rehabilitative alimony was necessary to assist the Appellant in obtaining additional education [2] and awarded the Appellant $1200 monthly in rehabilitative alimony for seven years. That award was based upon the family law master's calculation of the additional income necessary for the educational advancement of the Appellant, and those considerations were specified in the family law master's recommendation.

Upon review of the family law master's decision, the lower court remarked that the award of alimony was unfair [3] and reduced the award from $1200 monthly for seven years to $1000 monthly for five years. In the February 27, 1997, final order, the lower court failed to include findings of fact supporting that alteration or to articulate any of the grounds enumerated by statute setting forth the bases upon which a circuit court can modify a family law master's recommendation. The Appellant appeals the reduction of rehabilitative alimony.

### II.

The standard of review to be utilized by a circuit court in reviewing a family law master decision is founded upon the statutory guidance of West Virginia Code § 48A-4-20(c) (1993) [4] and was explained as

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992).

2. Educational advancement is one of the sixteen factors enumerated in West Virginia Code § 48-2-16(b) (1993) which the court may consider when awarding alimony.

3. During an October 4, 1996, hearing before the lower court, the court commented as follows: "I just think that the award of alimony was unfair."

4. West Virginia Code § 48A-4-20(c) was amended subsequent to the decision rendered by the lower court in this matter, and significant alterations in the standard of review were effected through that amendment. Based upon the time of the lower court's decision, however, those amendments are not applicable to this case. Pursuant to West Virginia Code § 48A-4-20(c) (1993), in effect at the time of the decision in the case sub judice, a circuit court could modify a family law master's recommendation in the following manner:

    (c) The circuit court shall examine the recommended order of the master, along with the

follows in syllabus point two of *Pearson v. Pearson*, 200 W.Va. 139, 488 S.E.2d 414 (1997): " 'A circuit court should review findings of fact made by a family law master only under a clearly erroneous standard, and it should review the application of law to the facts under an abuse of discretion standard.' Syl. Pt. 1, *Stephen L.H. v. Sherry L.H.*, 195 W.Va. 384, 465 S.E.2d 841 (1995)." In syllabus point three of *Pearson*, we stated as follows:

"Under the clearly erroneous standard, if the findings of fact and the inferences drawn by a family law master are supported by substantial evidence, such findings and inferences may not be overturned even if a circuit court may be inclined to make different findings or draw contrary inferences." Syl. Pt. 1, *Stephen L.H. v. Sherry L.H.*, 195 W.Va. 384, 465 S.E.2d 841 (1995).

In the syllabus of *Feaster v. Feaster*, 192 W.Va. 337, 452 S.E.2d 428 (1994), we noted:

"W.Va.Code, 48A–4–10(c) (1990), [now 48A–4–20(c) (1993) ] limits a circuit judge's ability to overturn a family law master's findings and conclusions unless they fall within one of the six enumerated statutory criteria contained in this section. Moreover, Rule 52(a) of the West Virginia Rules of Civil Procedure requires a circuit court which changes a family law master's recommendation to make known its factual findings and conclusions of law." Syllabus Point 1, *Higginbotham v. Higginbotham*, 189 W.Va. 519, 432 S.E.2d 789 (1993).

 In syllabus point three of *Molnar v. Molnar*, 173 W.Va. 200, 314 S.E.2d 73 (1984) we explained:

There are three broad inquiries that need to be considered in regard to rehabilitative alimony: (1) whether in view of the length of the marriage and the age, health, and skills of the dependent spouse, it should be granted; (2) if it is feasible, then the amount and duration of rehabilitative alimony must be determined; and (3) consideration should be given to continuing jurisdiction to reconsider the amount and duration of rehabilitative alimony.

In syllabus point one of *Molnar* we observed that rehabilitative alimony "generally connotes an attempt to encourage a dependent spouse to become self-supporting by providing alimony for a limited period of time during which gainful employment can be obtained."

We find that the lower court's modification of the family law master's recommended decision was improper and failed to satisfy the requirements of West Virginia Code § 48A–4–20(c). The lower court failed to enumerate sufficient evidence to support the reduction in rehabilitative alimony and failed to articulate adequate reasons for departure from the family law master's order. We therefore reverse that decision and reinstate the rehabilitative alimony award designated in the family law master's recommended decision.

Reversed and remanded with directions.

---

findings and conclusions of the master, and may enter the recommended order, may recommit the case, with instructions, for further hearing before the master or may, in its discretion, enter an order upon different terms, as the ends of justice may require. The circuit court shall not follow the recommendation, findings and conclusions of a master found to be:
(1) Arbitrary, capricious, an abuse of discretion or otherwise not in conformance with the law;
(2) Contrary to constitutional right, power, privilege or immunity;
(3) In excess of statutory jurisdiction, authority or limitations or short of statutory right;
(4) Without observance of procedure required by law;
(5) Unsupported by substantial evidence; or
(6) Unwarranted by the facts.