526 S.E.2d 19

**Penny D. (Fox) KIRBY, Plaintiff Below, Appellant,**

v.

**Rodney G. FOX, Defendant Below, Appellee.**

**No. 26215.**

Supreme Court of Appeals of West Virginia.

Submitted Oct. 5, 1999.

Decided Dec. 8, 1999.

---

Carolyn Sue Daniel, Esq., Shepherdstown, West Virginia, Attorney for Appellant.

Cynthia A. Gaither, Esq., Martinsburg, West Virginia, Attorney for the Appellee.

## PER CURIAM:

This case is before this Court upon appeal of a final order of the Circuit Court of Morgan County entered on November 25, 1998. The appellant, Penny D. Kirby, contends that the circuit court erred by transferring custody of her youngest child to her ex-husband, Rodney G. Fox, the appellee, and ordering that custody of her oldest child remain with him. This Court has before it the petition for appeal, the designated record, and the briefs of counsel. For the reasons set forth below, the final order of the circuit court is affirmed.

### I.

The parties were married on December 16, 1989, and were divorced in October 1993. They have two children: Sanford Lee Fox, born February 9, 1987, and Shawn Douglas Fox, born October 30, 1990. At the time of the divorce, Ms. Kirby was awarded custody of the children and Mr. Fox was granted visitation.

In 1995, Mr. Fox filed a motion for custody of both children alleging that they were being abused by Roy Kirby, Ms. Kirby's husband.[1] As a result of this motion, Mr. Fox was granted emergency custody of Sanford. In a subsequent hearing, Mr. Fox was awarded permanent custody of Sanford. However, Shawn remained in the custody of Ms. Kirby.

In 1997, Mr. Fox filed a motion requesting custody of Shawn based on the actions of Mr. Kirby. Mr. Fox alleged that Mr. Kirby had threatened and verbally abused him and had interfered with his attempts to communicate with his children. Ms. Kirby responded by filing a counter-motion seeking custody of Sanford. Prior to a hearing, the family law master referred the case for mediation and a custody evaluation by a social worker. On May 18, 1998, following a hearing on the matter, the family law master issued her opinion that the children should remain separated with Sanford living with his father and Shawn living with his mother. Thereafter, Mr. Fox filed a petition for review with the circuit court.

On November 25, 1998, the circuit court entered an order stating that the family law master's findings were not supported by the evidence and granted custody of both children to Mr. Fox. Ms. Kirby then filed this appeal.

## II.

The sole issue before this Court is whether the circuit court erred by rejecting the recommendation of the family law master and awarding custody of both children to Mr. Fox. A circuit court's review of a family law master's recommendation is guided by W.Va. Code § 48A-4-20(c) (1997).[2] As this Court stated in Syllabus Point 1 of *Higginbotham v. Higginbotham,* 189 W.Va. 519, 432 S.E.2d 789 (1993):

W.Va.Code, 48A-4-10(c) (1990) [now W.Va. Code § 48A-4-20(c)], limits a circuit judge's ability to overturn a family law

master's findings and conclusions unless they fall within one of the six enumerated statutory criteria contained in this section. Moreover, Rule 52(a) of the West Virginia Rules of Civil Procedure requires a circuit court which changes a family law master's recommendation to make known its factual findings and conclusions of law.

W.Va.Code § 48A-4-20(c) (1997) provides:

The circuit court shall examine the recommended order of the master, along with the findings and conclusions of the master, and may enter the recommended order, may recommit the case, with instructions, for further hearing before the master or may, in its discretion, enter an order upon different terms, as the ends of justice may require. Conclusions of law of the family law master shall be subject to de novo review by the circuit court. Nothing in this subsection shall be construed to authorize a de novo review of the facts; however, the circuit court shall not be held to the clearly erroneous standard in reviewing findings of fact. The circuit court shall not follow the recommendation, findings and conclusions of a master found to be:

(1) Arbitrary, capricious, an abuse of discretion or otherwise not in conformance with the law;

(2) Contrary to constitutional right, power, privilege or immunity;

(3) In excess of statutory jurisdiction, authority or limitations or short of statutory right;

(4) Without observance of procedure required by law;

(5) Unsupported by substantial evidence; or

(6) Unwarranted by the facts.

With regard to modification of custody, this Court held in Syllabus Point 2 of *Cloud v. Cloud,* 161 W.Va. 45, 239 S.E.2d 669 (1977) that "[t]o justify a change of child custody, in addition to a change in circumstances of the parties, it must be shown that such change

---

1. The Kirbys were not married at this time.

2. W.Va.Code § 48A-4-20 was amended in 1999 and the amended portion of subsection (c) now provides: "The circuit court shall be held to the clearly erroneous standard in reviewing findings

of fact ." However, because the decision of the circuit court in the case *sub judice* was rendered in 1998, the 1997 version of W.Va.Code § 48A-2-20(c) as set forth above applies.

would materially promote the welfare of the child."

In a May 18, 1998 letter to counsel for the parties, the family law master expressed her intention to recommend that both motions for modification of custody be denied. The family law master indicated that she did not find that a change in custody would materially promote the welfare of the children. She noted the children's expressed interest in being together and the recommendation of Cecile Ollar, the court's custody evaluator, that both children be placed with Mr. Fox. However, she stated, "I do not think it would be beneficial at this time for both boys to be with Ms. Kirby based on the prior conflict between Mr. Roy Kirby and Sanford (Bozie) and it would require Bozie to move to Romney. Similarly, I do not believe that it would be beneficial to Shawn to change custody to Mr. Fox in that he has made the adjustment to a new school, and based upon the past history of conflict with Bozie." The family law master's recommendation was later set forth in a recommended order which was filed with the circuit court in August 1998.

Upon reviewing the transcript of the hearing before the family law master, the circuit court found that the family law master's findings were not supported by substantial evidence. In particular, the circuit court noted that there was considerable testimony that the boys should be kept together in the same home. Ms. Ollar testified that Sanford expressed a desire to live with his brother and that she believed that it was in the children's best interest for them to be together. In addition, Gail Shade, a licensed counselor who had worked with the family since 1995, stated that she thought the boys wanted to be together and that Shawn did well living with either parent. Even the family law master indicated that the boys had told her they wanted to live in the same house. The circuit court further noted that there was no testimony that the boys had exhibited any type of aggressive behavior toward each other in the past. Having determined that the boys should live together, the circuit court found that Mr. Fox was the more suitable party for custody because of the testimony that the children do well in his care and he was more likely to promote a continuing relationship between the boys and their mother.

After thoroughly examining the record, we find that the circuit court's conclusion that the family law master's recommendation was not supported by substantial evidence was correct. The evidence presented at the hearing before the family law master overwhelmingly indicated that it was in the children's best interest for them to reside in the same household. Even the parties agreed that the boys should be living together. In *State ex rel. Treadway v. McCoy*, 189 W.Va. 210, 213, 429 S.E.2d 492, 495 (1993), this Court stated that "[i]f a child has a close bond to a sibling, then an appropriate factor in considering the custody of the child is to keep the siblings together." In this case, the children obviously have a close bond as they have expressed a desire to live together.

Having determined that the children should be together, the circuit court found that it was most appropriate for the children to live with their father. This decision was based on the prior conflict between Mr. Kirby and Sanford and the fact that the boys would have to spend a considerable amount of time alone with Mr. Kirby due to Ms. Kirby's work schedule. In addition, the circuit court also considered Ms. Ollar's testimony that Mr. Fox was more likely to help maintain the relationship between the children and their mother than Ms. Kirby would between the children and their father if the custody arrangement was reversed. Again, the evidence in the record supports the circuit court's findings. Accordingly, the final order of the Circuit Court of Morgan County entered on November 25, 1998, is affirmed.

Affirmed.

Judge ROBERT B. STONE, sitting by temporary assignment.

Justice SCOTT did not participate.