547 S.E.2d 249

**Gregory Paul EDWARDS, Plaintiff below, Appellee,**

v.

**Rhonda Gay Stoddard EDWARDS, Defendant below, Appellant.**

**No. 28213.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 9, 2001.

Decided April 18, 2001.

David M. Katz, Esq., Bluefield, West Virginia, for Appellee.

James W. Keenan, Esq., Keenan & Associates, Fayetteville, West Virginia, for Appellant.

**PER CURIAM:**

In the instant divorce action, we are asked to review a December 30, 1999 order of the Circuit Court of Summers County. In the order that is being appealed, the circuit court rejected two recommendations of a family law master, and in doing so altered the dates upon which the appellee was to begin paying child support and alimony. As set forth below, because the circuit court failed to set forth in writing its reasons for rejecting the family law master's recommendations, we re-

verse and remand the action for further proceedings.

## I.

The record reflects that the appellant, Rhonda Gay Stoddard Edwards, and the appellee, Gregory Paul Edwards, were married in 1978. Two children were born of the marriage, one in 1980 and the other in 1991. In September 1994, the appellee filed for divorce from the appellant. The parties then began litigation, largely centered upon custody of the children and the payment of child support.

As the family law master himself noted in his final recommended order to the circuit court, "there has been substantial delay in this matter which is the fault of the family law master." The family law master issued his first recommended order in 1995, and the parties sought review of the order by the circuit court. The circuit court remanded the matter back to the family law master for a supplemental hearing. The supplemental hearing did not occur until October 1997, and the family law master failed to prepare a new recommended order until June 1, 1998—nearly 3 years after the first recommended order. This second recommended order was reviewed by the circuit court, and on July 10, 1998, the circuit court once again remanded the matter to the family law master for a second supplemental hearing.

At issue in this appeal is the February 13, 1999 recommended order of the family law master, which order resulted from the second supplemental hearing. In his extensive, 34-page, single-spaced order—issued some 4½ years after the divorce action was filed—the family law master recommended that the parties be divorced. The parties' oldest child had since become emancipated, but the family law master did recommend that the appellant receive custody of the parties' youngest child.

The family law master also recommended that the appellee pay $463.00 a month in child support for the youngest child, "commencing on the first day of the month following the day in which this hearing was held[.]" It is unclear from the record whether the date of "this hearing" is October 1997 or December 1998, the dates of the two supplemental hearings. The family law master also recommended that the appellee pay $600.00 a month in alimony beginning July 1, 1998.

Both parties petitioned the circuit court for review of the February 1999 recommended order. After delays at the circuit court level, on December 30, 1999, the circuit judge entered the recommended order with two changes which form the basis for this appeal. The circuit court drew lines through the dates in the recommended order on which the appellee was to begin paying child support and alimony, and changed both dates to October 1, 1999. The changes were initialed in the margin by the circuit court. The circuit court made no other writings or statements regarding its reasoning for the changes.

The appellant then filed the instant appeal of the circuit court's December 30, 1999 order, challenging the circuit court's authority to alter the dates upon which the appellant was required to begin paying child support and alimony.

## II.

We have repeatedly stated that:

A circuit court should review findings of fact made by a family law master only under a clearly erroneous standard, and it should review the application of law to the facts under an abuse of discretion standard.

Syllabus Point 1, *Stephen L.H. v. Sherry L.H.*, 195 W.Va. 384, 465 S.E.2d 841 (1995). A circuit court may not substitute its own findings merely because it disagrees with the family law master. If a circuit court chooses to set aside a family law master's recommendations, the circuit court must make its own findings and conclusions in writing:

W.Va.Code, 48A–4–10(c) (1990) [now *W.Va.Code*, 48A–4–20(c) [1999]], limits a circuit judge's ability to overturn a family law master's findings and conclusions unless they fall within one of the six enumerated statutory criteria contained in this section. Moreover, Rule 52(a) of the West Virginia Rules of Civil Procedure requires

a circuit court which changes a family law master's recommendation to make known its factual findings and conclusions of law. Syllabus Point 1, *Higginbotham v. Higginbotham,* 189 W.Va. 519, 432 S.E.2d 789 (1993).

When a court grants a party relief such as child support or alimony, Rule 23 of the *Rules of Practice and Procedure for Family Court* [2000][1] states, with emphasis added, that:

> Except for good cause shown, orders granting relief in the form of spousal support or child support shall make such relief retroactive to the date of service of the motion of relief.

Accordingly, the relief granted to the parties by the court is to be retroactive to the date of service of the motion for relief—unless the court specifically finds that good cause exists for adopting a different date.

█ In the instant case, the circuit court altered the dates the appellee was to begin paying child support and alimony without making any factual findings or conclusions of law as required by Syllabus Point 1 of *Higginbotham v. Higginbotham,* and without making a finding of "good cause" as required by Rule 23 of the *Rules of Practice and Procedure for Family Courts.* The circuit court simply scratched a line through the dates recommended by the family law master, and added a new date in the margin.

We recognize the appellee's argument that the family law master's and circuit court's significant delay in issuing rulings might have caused hardship to the appellee, causing him to become liable for substantial amounts of retroactively due child support and alimony.[2] However, whether the circuit court's alteration of the dates was based upon this argument is unknown. We acknowledge that

the circuit court judge, who lives in his circuit and who may have followed a given case for several years, may well have reasons for his decision that are not apparent to this Court, but this Court only considers the record presented. Unfortunately, the circuit court has left us without a basis for reviewing the propriety of the circuit court's reasoning.

Accordingly, we reverse the circuit court's December 30, 1999 order, and remand this case to the circuit court for further proceedings consistent with this opinion.

Reversed and Remanded.

---

1. Rule 23, adopted in 2000, rewrote and simplified Rule 19 of the prior *Rules of Practice and Procedure for Family Law.* However, no changes were made that would affect this appeal.

2. On the one hand, the appellee argued before the circuit court that, had the circuit court entered the order with the family law master's recommended dates, he would have immediately been liable for $9,000.00 in arrears on alimony alone, which by law carries interest at 10% per

year. The appellee made this argument during a hearing before the circuit court on August 13, 1999.

On the other hand, counsel for the defendant-appellant alleges that the circuit judge altered the family law master's recommended order "pursuant to ex parte urging of Plaintiff's Counsel," and that the alterations were "without reason and unsupportable." We find nothing in the record to support this allegation.