419 S.E.2d 708

**STATE of West Virginia ex rel. Robert S. SULLIVAN, Relator,**

v.

**Honorable Clarence L. WATT, Judge of the Circuit Court of Putnam County and Ruth D. Sullivan, Respondents.**

**No. 20921.**

Supreme Court of Appeals of West Virginia.

Submitted March 3, 1992.

Decided May 29, 1992.

---

James M. Cagle, Charleston, for the relator.

William E. Murray, Mitchell & Murray, Charleston, for respondent Ruth D. Sullivan.

MILLER, Justice:

We granted this original proceeding for a writ of prohibition and/or mandamus in order to delineate the proper procedure for review of and for obtaining an evidentiary record of the proceedings held before a family law master in a divorce case which is appealed to the circuit court. The rela-

tor asserts that the failure of the Circuit Court of Putnam County to correct certain procedural problems in such a case constituted an abuse of its authority.

This issue arose when the respondent wife petitioned for review of a family law master's recommended order regarding custody of the parties' minor daughter by filing exceptions with the circuit court on November 7, 1990. The exceptions were filed within the ten-day period prescribed by W.Va.Code, 48A–4–7(a) (1990).[1] We note that this section provides the right to an extension of the ten-day filing period upon application to the circuit court.

The relator husband did not file an answer in opposition to the petition for review as permitted by W.Va.Code, 48A–4–9 (1990).[2] However, on December 11, 1990, he filed a notice advising the wife that a hearing had been set before the respondent judge for December 21, 1990. This hearing was canceled by the judge. After several postponements, hearings were conducted before the circuit court on April 24, 1991, and August 1, 1991.

At the April 24, 1991 hearing, the husband produced a witness, Jeffrey L. Harlow, Ph.D., a clinical psychologist, whose earlier testimony before the family law master had purportedly favored the husband. Dr. Harlow had continued to have contact with the child, and his position before the respondent judge was in favor of the family law master's recommended order granting custody to the husband.[3]

The husband had made continued complaints about the lack of a transcript of the proceedings before the family law master, and he renewed this complaint at the April 24, 1991 hearing. The wife, through her attorney, filed a transcript with the circuit judge on April 30, 1991, but its accuracy is challenged by the husband. The husband's chief complaints are the delay in hearing the petition for review, the lack of a transcript, and the judge's failure to take affirmative action on these matters. He seeks to compel the respondent judge to enter an order consistent with the family law master's recommended order.

## I.

With regard to the delay in hearing the petition for review, the family law master statute does provide some procedural guidelines. First, as we have already noted, W.Va.Code, 48A–4–7(a), requires the filing of the petition for review within ten days after service of the family law master's recommended order on the parties.

1. W.Va.Code, 48A–4–7(a), states:

"Within ten days after the master's recommended order, any separate document with findings of fact and conclusions of law and the notice of recommended order is served on the parties as set forth in section four [§ 48A–4–4] of this article, any party may file exceptions thereto in a petition requesting that the action by the master be reviewed by the circuit court. Failure to timely file the petition shall constitute a waiver of exceptions, unless the petitioner, prior to the expiration of the ten-day period, moves for and is granted an extension of time from the circuit court. At the time of filing the petition, a copy of the petition for review shall be served on all parties to the proceeding, in the same manner as pleadings subsequent to an original complaint are served under rule five of the rules of civil procedure for trial courts of record."

2. W.Va.Code, 48A–4–9, states:

"(a) A respondent shall have ten days after the filing of a petition within which to file an answer disclosing any matter or ground why the recommended order of the master should not be modified by the court in the manner sought by the petition. The judge may require, or a party may choose to submit with the answer, a brief in opposition to the petition, which should include a direct and concise argument in support of the master's recommended order and citing the constitutional provisions, statutes and regulations which are applicable.

"(b) No motion by a respondent to dismiss a petition for review will be received.

"(c) Any party may file a supplemental brief at any time while a petition for review is pending, calling attention to new cases or legislation or other intervening matter not available at the time of the party's last filing."

3. Ordinarily, this type of testimony would not be proper before the circuit judge because the hearing before the circuit court is concerned solely with the correctness of the family law master's findings contained in the recommended order. However, a circuit judge may take additional testimony under W.Va.Code, 48A–4–10(d) (1990), if he finds the evidence on a particular issue before the family law master was deficient. *See* note 10, *infra.*

We spoke to this matter in Syllabus Point 3 of *Segal v. Beard*, 181 W.Va. 92, 380 S.E.2d 444 (1989):

"The ten-day period for filing a petition for review of a family law master's recommended [order], *W. Va. Code*, 48A-4-7(a) [1986], is tolled until an aggrieved party is served with notice of the filing of the recommended [order]. The family law master must serve notice of the filing of the recommended [order]."

This rule is now codified in W.Va.Code, 48A-4-4a (1990), which prescribes the form of the notice which accompanies the family law master's recommended order. The notice is designed to advise the parties of their appeal rights. W.Va.Code, 48A-4-4a also provides that once the family law master signs the recommended order, there is no need to obtain the signatures of the parties or their attorneys indicating that they have inspected or approved it.[4]

4. W.Va.Code, 48A-4-4a, provides:

"IN THE CIRCUIT COURT OF ____ COUNTY, WEST VIRGINIA,

_____
Plaintiff,
vs.      CIVIL   ACTION   NO.  ____
_____
Defendant.

NOTICE OF RECOMMENDED ORDER

"The undersigned family law master hereby recommends the enclosed order to the circuit court of _____ county. If you wish to file objections to this decision, you must file a written petition in accordance with the provisions of chapter 48A-4-8 of the West Virginia Code within a period of ten days ending on _____, 1990, and with the circuit clerk of _____ county and send a copy to counsel for the opposing party or if the party is unrepresented to the party, and to the office of the family law master located at _____.

"If no written petition for review is filed by _____, 1990, then the recommended order will be sent to the circuit judge assigned to this case. A recommended order which is not signed by a party, or counsel for a party who is represented, by the end of the ten-day period will still be sent to the circuit judge for entry.

YOUR FAILURE TO SIGN THE ORDER AS HAVING BEEN INSPECTED OR APPROVED WILL NOT DELAY THE ENTRY THEREOF.

_____
Family Law Master"

Although the portions of this form relating to the date by which the petition for review must be filed refer to the year 1990, the family law

■ The contents of the petition for review are controlled by W.Va.Code, 48A-4-8 (1990). The statute's focus is on the family law master's recommended order. The petition must identify the "errors complained of with reasonable certainty," and "[p]arts of the master's report not excepted to are admitted to be correct[.]"[5] Once a petition for review of a family law master's recommended order is filed with the circuit court, under W.Va.Code, 48A-4-7(a), the petitioner has the burden of scheduling a hearing.

An answer in opposition to the petition for review is expressly authorized under W.Va.Code, 48A-4-9, but its purpose is limited to "disclosing any matter or ground why the recommended order of the master should not be modified[.]"[6] The party opposing the petition for review may also assign error by filing a cross-petition for review in a timely fashion under W.Va. Code, 48A-4-7(b) (1990).[7]

master should, of course, substitute the appropriate year.

5. W.Va.Code, 48A-4-8, provides:

"(a) The petition for review shall contain, a list of exceptions in the form of questions presented for review, expressed in the terms and circumstances of the case, designating and pointing out the errors complained of with reasonable certainty, so as to direct the attention of the circuit court specifically to them, but without unnecessary detail. The statement of questions should be short and concise and should not be argumentative or repetitious. The statement of a question presented will be deemed to comprise every subsidiary question fairly included therein. Only the questions set forth in the petition or fairly included therein will be considered by the court. Parts of the master's report not excepted to are admitted to be correct, not only as regards the principles, but as to the evidence, upon which they are founded.

"(b) The circuit court may require, or a party may choose to submit with the petition for review a brief in support thereof, which should include a direct and concise argument amplifying the reasons relied upon for modification of the master's recommended order and citing the constitutional provisions, statutes and regulations which are applicable."

6. For the complete text of W.Va.Code, 48A-4-9, see note 2, *supra.*

7. W.Va.Code, 48A-4-7(b), provides: "Not more than ten days after the filing of the petition for

■ From this, we conclude that if the party filing a petition for review delays in setting the matter for hearing before the circuit court, the other party may have it set for hearing. The parties may submit the case on the record and may expressly waive a hearing before the circuit judge. The judge may also advise the parties, after reviewing the record, that a hearing is not necessary. In such a case, the petition can be decided based on the pleadings and the record from the family law master's proceedings without further delay. We further conclude that a hearing on a petition for review before a circuit judge can be set by either party or by the judge, subject to the time constraints contained in W.Va.Code, 48A–4–10 (1990). It should be noted that under W.Va.Code, 48A–4–5 (1990), the family law master is not empowered to enter a final divorce order, this being the prerogative of the circuit court.[8]

Under W.Va.Code, 48A–4–10(a), a circuit court can review the family law master's recommended order immediately if no petition for review has been timely filed or if the parties have expressly waived the right to file a petition for review. Otherwise, the circuit court must wait until the time periods for filing a petition for review and an answer have expired, unless there has been an express waiver of the answer.[9] The clerk of the court must verify the lack of an answer to the petition for review or the existence of any extension of time or cross-petition. This will inform the court that the case is ready for disposition.

■ Thus, W.Va.Code, 48A–4–10(a), provides for minimum time periods that must expire before a circuit court may act on a petition for review of a family law master's decision and recommended order. W.Va. Code, 48A–4–10(e), provides for a ten-day period to act on the petition for review once it has been properly submitted to the circuit court.[10] We do not interpret the ten-day period to be controlling in those complex cases where hearings must be held by the circuit judge to refine and more fully develop the issues in order to make a proper ruling on a petition for review.

In this case, the husband promptly applied to have the wife's petition for review heard by the circuit court. There was some delay in securing the hearing, but the record does not disclose the reasons for the several postponements. Part of the delay was allegedly due to the lack of an adequate record from the tapes recorded at the family law master hearings. We address this problem in the next section.

review, a responding party wishing to file a cross-petition that would otherwise be untimely may file, with proof of service on all parties, a cross-petition for review."

**8.** W.Va.Code, 48A–4–5, provides:
"With the exception of pendente lite support and custody orders entered by a master in accordance with the provisions of section three [§ 48A–4–3] of this article, and procedural orders entered pursuant to the provisions of section two [§ 48A–4–2] of this article, an order imposing sanctions or granting or denying relief may not be made and entered except by a circuit court within the jurisdiction of said court and as authorized by law."

**9.** W.Va.Code, 48A–4–10(a), provides:
"The circuit court shall proceed to a review of the recommended order of the master when:
"(1) No petition has been filed within the time allowed, or the parties have expressly waived the right to file a petition;
"(2) A petition and an answer in opposition have been filed, or the time for filing an answer in opposition has expired, or the par-

ties have expressly waived the right to file an answer in opposition, as the case may be."

**10.** W.Va.Code, 48A–4–10(e), states: "The order of the circuit court entered pursuant to the provisions of subsection (d) of this section shall be entered not later than ten days after the time for filing pleadings or briefs has expired or after the filing of a notice or notices waiving the right to file such pleading or brief."

W.Va.Code, 48A–4–10(d), provides:
"In making its determinations under this section, the circuit court shall review the whole record or those parts of it cited by a party. If the circuit court finds that a master's recommended order is deficient as to matters which might be affected by evidence not considered or inadequately developed in the master's recommended order, the court may recommit the recommended order to the master, with instructions indicating the court's opinion, or the circuit court may proceed to take such evidence without recommitting the matter."

## II.

The husband claims that the wife was dilatory in providing the circuit court with a transcript of the proceedings before the family law master. The wife claims that the quality of the audio tape recordings was so poor that complete transcription was not possible. The legislature has provided in W.Va.Code, 48A–4–2(e) (1990), that "[h]earings before a [family law] master shall be recorded electronically." This section further provides that upon the request of either party, "a duplicate copy of the tape" shall be provided. This section goes on to provide that "[u]nless otherwise ordered by the court, the preparation of a transcript and the payment of the cost thereof shall be the responsibility of the party requesting the transcript." [11]

In summary, W.Va.Code, 48A–4–2(e), provides that hearings before a family law master shall be electronically recorded and requires the master, on request by either party, to provide a duplicate copy of the tape. In addition, this section permits a circuit judge to order a transcript of that portion of the tape recording which is the subject of review. If a party wishes a transcript of the tape recording, it is that party's responsibility to procure and pay for it.

■ In furtherance of these provisions, we conclude that in the event that the circuit court orders a transcript of the tape recording, it shall be transcribed by a transcription service or by the court reporter.

The cost shall be borne by one or both parties, unless indigent, as the court deems appropriate. Where a party secures a transcript of the tape recording for use on review, it must be verified by the transcriber as true and accurate, and a copy must be sent to the opposing party.[12]

■ Moreover, W.Va.Code, 48A–4–2(f) (1990), states that the record of the proceedings before the family law master shall consist of "[t]he recording of the hearing or the transcript of testimony, as the case may be, and the exhibits, together with all papers and requests filed in the proceeding[.]" [13] The clear import of this language is that the tape recording is the evidentiary record of the family law master's hearing unless one of the parties elects to obtain a transcript. Finally, we emphasize that neither W.Va.Code, 48A–4–2(e), nor any other provision of W.Va.Code, 48A–4–1, *et seq.*, mandates that a transcript of the hearings before the family law master must be obtained in order to pursue a petition for review.

It must be remembered that the circuit court does not act *de novo*, but reviews the findings of fact and conclusions of law made by the family law master. In those cases where there is no contest over the recommended order, there is obviously no need for an elaborate review or an evidentiary record.

■ Where a petition for review is filed, a party may utilize the procedure outlined in Rule 4A(c) of the West Virginia Rules of

---

**11.** The full text of W.Va.Code, 48A–4–2(e), provides:

"Hearings before a master shall be recorded electronically. When requested by either of the parties, a master shall provide a duplicate copy of the tape or other electronic recording medium of each hearing held. The party requesting the copy shall pay to the master an amount equal to the actual cost of the tape or other medium or the sum of five dollars, whichever is greater. Unless otherwise ordered by the court, the preparation of a transcript and the payment of the cost thereof shall be the responsibility of the party requesting the transcript."

**12.** If a court reporter is present at the family law master's hearing to transcribe the testimony, the parties may agree that this will consti-

tute the official transcript. If the parties do not agree, the family law master may certify the transcript.

**13.** The complete text of W.Va.Code, 48A–4–2(f), is:

"The recording of the hearing or the transcript of testimony, as the case may be, and the exhibits, together with all papers and requests filed in the proceeding, constitute the exclusive record for recommending an order in accordance with section four of this article, and on payment of lawfully prescribed costs, shall be made available to the parties. When a master's final recommended order rests on official notice of a material fact not appearing in the evidence in the record, a party is entitled, on timely request, to an opportunity to show the contrary."

Appellate Procedure for making an evidentiary record.[14] This provision authorizes the petitioner, in lieu of a transcript of the testimony, to "set out in the petition a statement of facts pertinent to the issues he raises. The petition shall include a certificate by the petitioner's attorney that the facts alleged are faithfully represented[.]"[15] Rule 4A(b) requires that a copy of the petition be served on the opposing party to enable such party to file a response. The same procedure exists with respect to the filing of a petition for review, W.Va. Code, 48A–4–8, and the filing of an answer in opposition, W.Va.Code, 48A–4–9.[16]

Under this procedure, the petition and response may be sufficient for the circuit court to determine factually the merits of the petition for review. If not, the court may utilize the tape recordings and may, by order, obtain a transcript of the relevant portion of the tape recording as outlined earlier.

In this case, the assertion is made that the tape recordings were not sufficiently audible to provide a relevant factual review. The merits of this claim were not addressed by the circuit court. We, therefore, have no finding that the tape recording was, in fact, inaudible. However, there are several procedures that can be followed where a claim of inaudibility is made.

First, the judge must resolve whether the tape, or a portion thereof, is inaudible and, at the same time, determine whether this is crucial to a resolution of the petition for appeal. If the judge finds that the tape is inaudible and further finds that the inaudibility affects the court's ability to dispose of the petition for review, the matter may be resolved by reference to W.Va.Code, 48A–4–10(d). This section provides that where the court finds that "a [family law] master's recommended order is deficient as to matters which might be affected by evidence not considered or inadequately developed," the circuit court "may recommit the recommended order to the [family law] master, with instructions . . ., or the circuit court may proceed to take such evidence without recommitting the matter."[17]

■ Thus, it is clear that under W.Va. Code, 48A–4–10(d), a circuit court may recommit a recommended order which is deficient as to matters which might be affected by evidence not considered or inadequately developed in the family law master's recommended order. However, the circuit court must, by order, instruct the family law master as to the deficiencies in the record. We see no reason why a similar procedure cannot be followed where there is an evidentiary deficiency because of an inaudible tape recording. In this event, the order should instruct the family law master as to the portions of the tape recording

---

**14.** We note that the legislature, in W.Va.Code, 48A–4–11 (1990), has specifically authorized this Court to set procedural rules:

"Further, the Legislature anticipates that the procedural rule-making power of the supreme court of appeals provided for in the Judicial Reorganization Amendment of 1974 to the West Virginia Constitution and in section four [§ 51–1–4], article one, chapter fifty-one of this code may be utilized, so that the portions of this legislation relating to pleading, practice and procedure shall have force and effect only as rules of court and remain in effect unless and until modified, suspended or annulled by rules promulgated by the supreme court of appeals."

**15.** Rule 4A(c) of the Rules of Appellate Procedure provides, in pertinent part:

"*Record on Petition.* . . . In lieu of filing all or part of the transcript of testimony, the petitioner shall set out in the petition a statement of all facts pertinent to the issues he

raises. The petition shall include a certificate by the petitioner's attorney that the facts alleged are faithfully represented and that they are accurately presented to the best of his ability. The use of the abbreviated procedure, set forth in this Rule 4A, places the highest possible fiduciary duty upon a lawyer with regard to the court and intentional misrepresentation of any sort is grounds for disciplinary action."

**16.** We see no reason why a circuit court could not extend the time for filing a response under W.Va.Code, 48A–4–9, if a long factual response is needed. A circuit court is authorized under W.Va.Code, 48A–4–7(a), to extend the time for filing the petition if, "prior to the expiration of the ten-day period, [the petitioner] moves for and is granted an extension of time from the circuit court." *See* note 1, *supra.*

**17.** The complete text of W.Va.Code, 48A–4–10(d), is contained in note 10, *supra.*

which are inaudible and as to the evidence which needs to be retaken. This procedure accords with the provisions of W.Va.Code, 48A–4–10(d), which permits a circuit court to recommit a case to the family law master with instructions indicating the court's opinion as to what shall be done upon the recommitment. Obviously, a copy of the order should be sent to the family law master and to the parties so that they may be apprised of the circuit court's instructions on recommitment.[18]

In the alternative, the circuit court may elect to use the provisions of Rule 80(e) of the West Virginia Rules of Civil Procedure, which provides the use of a statement of evidence in lieu of a transcript.[19] This device allows the court which has heard the case to approve or amend the statement of evidence. In the context of this case, this would be the family law master. Thus, a circuit judge who finds the recording inaudible, may, after consulting with the parties as to the feasibility of such a statement of evidence, order supplementation of the record under Rule 80(e). The judge may refer settlement and approval of the statement of evidence to the family law master unless the judge feels such referral is unnecessary.[20]

Consequently, we conclude that where a circuit court finds that all or portions of the audio tape taken at the family law master's hearing are inaudible and that the inaudible portions are essential to the resolution of the petition for review, the circuit court may utilize the provisions of W.Va.Code, 48A–4–10(d), or of Rule 80(e) of the Rules of Civil Procedure to obtain the missing evidence.

Finally, we stress that one of the chief purposes of the legislative adoption of the family law master system was to expedite divorce, alimony, and child support procedures. *See* W.Va.Code, 48A–4–11 (1990). The provisions outlined in this opinion are designed to assist this endeavor. Counsel participating in this system are urged to cooperate in achieving this goal by refraining from needless technicalities. Family law masters and circuit courts can provide vital aid in the prompt scheduling of hearings and the rendering of opinions.

## III.

■ In this case, we are unable to conclude from the limited record that the respondent judge's failure to enter an order in accordance with the recommended order of the family law master warrants granting the writ of prohibition prayed for. Our traditional rule in prohibition was stated in Syllabus Point 2 of *State ex rel. Winter v. MacQueen*, 161 W.Va. 30, 239 S.E.2d 660 (1977):

"Prohibition will lie to prohibit a judge from exceeding his legitimate powers."

*See also State ex rel. Moomau v. Hamilton*, 184 W.Va. 251, 400 S.E.2d 259 (1990); *State ex rel. King v. MacQueen*, 182 W.Va.

---

**18.** This same procedure should be followed any time the court recommits a case to the family law master under W.Va.Code, 48A–4–10(d), or modifies the family law master's recommended order. The circuit court may direct the clerk to send the recommitment order.

**19.** Rule 80(e) of the Rules of Civil Procedure provides:

"*Use of statement of evidence in lieu of transcript.*—In the event a stenographic or mechanical report of the proceedings had and testimony taken at a hearing or trial before the court was not made or in the event a reporter's stenographic or mechanical record thereof has become lost or a transcript thereof is not obtainable, any party to the action may prepare a statement of the proceedings from the best available means, including his

recollection, for use instead of a transcript thereof. The statement shall be served upon all other adverse parties within a reasonable time after the hearing or trial, and the adverse parties may serve objections or amendments thereto within 10 days after service of the statement upon them. Thereupon the statement, with the objections or proposed amendments, shall be submitted to the court for settlement and approval and when and as settled and approved such statement becomes a part of the record when it is signed by the judge and filed with the court."

**20.** In the event the parties and the circuit court elect to have the statement of evidence settled and approved by the circuit judge, they are not authorized to subpoena the family law master to act as a witness as to the record.

162, 386 S.E.2d 819 (1986); *State ex rel. Arnold v. Egnor*, 166 W.Va. 411, 275 S.E.2d 15 (1981). We do, however, issue a moulded writ of mandamus directing the respondent judge to set this matter for a further hearing as promptly as possible.

Writ of prohibition denied, and moulded writ of mandamus granted.