517 S.E.2d 485

**Marguerite L. PRICE, Appellant,**

v.

**Robert Lynn PRICE, Appellee.**

**No. 25361.**

Supreme Court of Appeals of
West Virginia.

Submitted May 4, 1999.

Decided July 12, 1999.

Andrew S. Nason, Esq., Pepper, Nason & Hayes, Charleston, West Virginia, Attorney for Appellant.

Charles W. Covert, Esq., St. Albans, West Virginia, Attorney for Appellee.

WORKMAN, Justice:

This is an appeal by Marguerite L. Price (hereinafter "Ms. Price" or "Appellant"), from a final order of the Circuit Court of Kanawha County overruling Appellant's exceptions to the Family Law Master's recommended order. Appellant filed a petition with the Family Law Master seeking to modify the final divorce order to receive additional child support from Robert Lynn Price (hereinafter "Mr. Price" or "Appellee"), her former husband. The Family Law Master recommended only a $50.00 increase in the child support, which was originally set by an agreed order incorporated into the final divorce order in 1988. Appellant filed exceptions to the Family Law Master's recommended order and such exceptions were overruled by the circuit court.

Appellant contends that the Family Law Master erred in refusing to include the cost of after-school child care when calculating child support; that the Family Law Master erred by using the wrong child support amount to determine whether the new calculation resulted in a 15% deviation; that the Family Law Master erred in determining that setting the full amount of child support would invalidate a previous agreement between the parties regarding payment for college; and that the circuit court abdicated its duty to review the Family Law Master's ruling when it did not review a record or hold oral arguments. We agree with Appellant's contentions, and reverse the circuit court's order.

## I. Background Facts

Appellant and Appellee were married on April 30, 1983, and had one child, John, born on March 24, 1986. The parties separated in April 1987, and John remained with his mother. Appellant filed for divorce in 1987. On December 15, 1987, the parties entered into an agreement with regard to the divorce, custody, division of property and child support. This separation agreement was incorporated into the final divorce order, entered May 18, 1988. Under the agreement, Appellant was given custody of John and was awarded child support in the amount of $325.00 per month. The parties agree that the child support guidelines in effect at that time [1] would have required Appellee to pay $425.00 per month in child support. Nevertheless, the parties agreed, in writing, to the $100.00 reduction in child support in consideration that they would both be responsible financially to support their child if he chose to attend college or otherwise furthered his education after high school. In such event, Appellee agreed to pay the cost of tuition and

books and Appellant agreed to contribute generally to the cost of the child's education.

In 1996, Appellant filed a petition for modification seeking to increase the Appellee's child support obligation. On October 7, 1997, a hearing on the petition was held by the Family Law Master. No transcript, tape recording or other record was made of that hearing.[2] At that time, John was eleven and a half years old and in the sixth grade. He was enrolled at a day care center for purposes of after school child care, on holidays and during summer vacation. The cost of that day care was $2,582.00 annually, or $215.16 per month. At the time of the petition for modification, Appellant was making $46,500 per year gross income, and Appellee was making $49,000 per year gross income.

On November 16, 1997, the Family Law Master issued its findings and recommended decision, concerning Appellant's modification petition. The Family Law Master found, among other things, that the parties had agreed to a monthly $100.00 reduction in child support and that part of the consideration for the reduction was Appellee's obligation to pay for college tuition and books. The Family Law Master, without taking any evidence on the issue, found that day care was not required for a child of eleven and a half years. Consequently, the Family Law Master did not include the day care costs in calculating child support. Using the statutorily-approved child support formula,[3] the Family Law Master computed the child support required by the formula to be $486.00 per month. Additionally, despite the previously agreed and court-approved child support amount of $325.00, the Family Law Master found the child support figure for modification purposes to be $425.00 per month. This was the amount to which Appellant would have been entitled as calculat-

---

1. These guidelines can be found in 6 West Virginia Code of State Rules §§ 78–16–1.1 to –2.7 (1987), filed as an emergency rule on November 6, 1987 and effective until May 1, 1988. New guidelines came into effect on May 2, 1988, and can be found in 6 West Virginia Code of State Rules §§ 78–16–1 to –20 (1988). These guidelines were superseded, however, when the legislature incorporated new guidelines into the child support statutes in 1997. *See* W.Va.Code §§ 48A–1B–1 to –16 (1998).

2. In her brief, Appellant states that her attorney attempted to obtain a tape of the hearing before the Family Law Master, but was advised that no tape exists.

3. This formula is found in West Virginia Code § 48A–1B–6 (1998).

ed under the applicable child support formula at the time of the divorce in 1988, had the parties not agreed to the reduced amount of $325.00. Using $425.00 per month as the base figure, the Family Law Master found that $486.00 per month was less than the 15% deviation necessary to trigger a modification of child support. The Family Law Master further found that if the child support were modified to the full amount ($486.00), the modification would invalidate the parties' agreement regarding Appellee's payment of college tuition and books. The Family Law Master, however, did raise child support to $375.00 per month to reflect the increased costs of raising a child, effective December 1, 1996.

Appellant filed exceptions and amended exceptions to the Family Law Master's ruling.[4] Without conducting a hearing, the circuit court overruled those exceptions, as reflected by an opinion letter dated April 1, 1998.[5] It is from the April 7, 1998, order that Appellant now appeals.

## II. Standard of Review

■■■ As this Court has often observed, a recommended order of a family law master is reviewable by a circuit court pursuant to statute. *See* W.Va.Code §§ 48A–4–16 and – 20 (1998). However, because the circuit court adopted the recommendations of the Family Law Master, we apply the standard of review expressed in syllabus point one of *Burnside v. Burnside,* 194 W.Va. 263, 460 S.E.2d 264 (1995):

> In reviewing challenges to findings made by a family law master that also were adopted by a circuit court, a three-pronged standard of review is applied. Under these circumstances, a final equitable distribution order is reviewed under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law

and statutory interpretations are subject to a *de novo* review.

> "This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo.*" Syl. Pt. 4, *Burgess v. Porterfield,* 196 W.Va. 178, 469 S.E.2d 114 (1996).

## III. Discussion

The main issue before us is whether a modification of the child support order to comply with the recommended statutory guidelines is warranted, and if so, in what amount. Appellant breaks this main issue into several assignments of error, which will be discussed in turn. However, a brief discussion of the law regarding the modification of child support is warranted.

West Virginia Code § 48–2–15(e) (1998)[6] provides, in pertinent part, that:

> The court may also from time to time afterward, upon the motion of either of the parties or other proper person having actual or legal custody of the minor child or children of the parties, revise or alter the order concerning the custody and support of the children, and make a new order concerning the same, issuing it forthwith, as the circumstances of the parents or other proper person or persons and the benefit of the children may require: Provided, That all orders modifying child support shall be in conformance with the requirements of support guidelines promulgated pursuant to article one-b, chapter forty-eight-a of this code: Provided, however, That an order providing for child support payments may be revised or altered for the reason, inter alia, that the existing order provides for child support payments in an amount that is less than

---

4. Appellant filed her initial exceptions to the Family Law Master recommended ordered on November 17, 1997, one day after the ten-day period allowed for filing exceptions. *See* W.Va. Code § 48A–4–17 (1998). In his response to these exceptions filed in the circuit court, however, Appellee argued that Appellant's exceptions were not timely filed. However, Appellee did not raise this as a cross-issue on appeal.

5. The circuit court entered an order filing the opinion letter on April 7, 1998.

6. This statutory provision was amended in 1998; however, the subsections applicable to the issues in this case did not change with that amendment.

eighty-five percent or more than one hundred fifteen percent of the amount that would be required to be paid under the child support guidelines promulgated pursuant to the provisions of said section....

We have extensively discussed when it is appropriate for a circuit court or a family law master to modify a child support order. In syllabus point one of *Gardner v. Gardner*, 184 W.Va. 260, 400 S.E.2d 268, we explained that:

For cases arising before July 1, 1990, a party seeking a modification of a child support order must show that the welfare of the child or children requires the modification and that a substantial change of circumstances occurred after the entry of the existing order that was not adequately dealt with in that order. For cases arising after July 1, 1990, a party seeking a modification of a child support order must either meet the criteria outlined above or show that the support award is not within 15% of the child support guidelines adopted pursuant to *W.Va.Code*, 48A–2–8 [1989].

We further explained in *Gardner* that:

In addition to the factors or circumstances listed for consideration in *Lambert v. Miller*, 178 W.Va. 224, 358 S.E.2d 785, 787 (1987),[7] the family law master or circuit court may determine that a substantial change in circumstances has occurred because of a change in the cost of living caused by inflation or increases in the children's needs because they are older, or unexpected changes affecting basic needs such as housing or transportation.

*Gardner*, 184 W.Va. at 261, 400 S.E.2d at 269 (footnote added).

Further, West Virginia Code § 48A–1B–11 (1998) provides additional guidance: "The provisions of a child support order may be modified if there is a substantial change of circumstances. If application of the guideline would result in a new order that is more than fifteen percent different, then the cir-

cumstances are considered to be a substantial change."

In her petition for modification, filed on August 14, 1996, Appellant alleged:

1. That by an Order entered on the 18th day of May, 1988[,] the Defendant, ROBERT LYNN PRICE, was ORDERED to pay the Plaintiff, MARGUERITE LOWEN PRICE, the monthly sum of Three Hundred Twenty–Five and 00/100 dollars ($325.00) for maintenance, support and education of the minor child;

2. That since this Order was entered there has been a significant change in circumstances in that the Defendant's INCOME HAS INCREASED SUBSTANTIALLY;

3. That the needs of the minor child have greatly increased since the Order entered on the 18th day of May, 1988, and further it would be in the best interest of the child to increase the amount of support and maintenance; and

4. That pursuant to West Virginia Code § 48–2–15 the existing Order provides for child support payment in an amount that is less than eighty-five percent (85%) of the amount that would be required to be paid under the child support guidelines formulated pursuant to the provisions of [the] West Virginia Code....

With the above-stated law in mind, we now turn to the specific errors enumerated by Appellant.

### A. Inclusion of child care expenses in child support calculation

Appellant first contends that the Family Law Master erred in ruling that an eleven-year-old boy does not need adult supervision during those times when not in school, and in refusing to include the cost of after-school child care in the child support calculation. Appellant argues that the child support statutes do not prescribe a statutory age at which the cost of work-related child care

---

7. In syllabus point one of *Lambert v. Miller*, we found that "[a] child support order may be modified only upon a substantial change of circumstances which was uncontemplated by either of the parties at the time the order was entered and upon a showing that the benefit of the child requires such modification. *W.Va.Code*, 48–2–15(e) [1986]." *Lambert*, 178 W.Va. at 225, 358 S.E.2d at 786.

expenses is eliminated from the child support formulas, and further, that such statutes specifically provide that child care expenses must be included in calculating child support. On the other hand, Appellee contends that because the child support statutes do not set forth a specific statutory age at which the inclusion of child care expenses is eliminated when calculating child support, it is critical that family law masters and circuit judges be afforded discretion to review this issue on a case by case basis.

West Virginia Code § 48A–1B–2(a) (1998) generally provides, in pertinent part, that:

Unreimbursed child health care expenses, work-related child care expenses and any other extraordinary expenses agreed to by the parents or ordered by the court or master less any extraordinary credits agreed to by the parents or ordered by the court or master are added to the basic child support obligation to determine the total child support obligation.

In specific reference to sole custody, as opposed to shared-physical custody, cases, West Virginia Code § 48A–1B–6(a) (1998), provides, in part, that:

[T]he total child support obligation consists of the basic child support obligation plus the child's share of any unreimbursed health care expenses, work-related child care expenses and any other extraordinary expenses agreed to by the parents or ordered by the court or master less any extraordinary credit agreed to by the parents or ordered by the court or master.

■ These statutory provisions clearly provide that child care expenses must be included in calculating the total child support obligation. However, these provisions do not provide an age limit on the inclusion of such expenses. We have previously stated that "[t]he child support guidelines must be considered in every case concerning child support." *Wood v. Wood,* 184 W.Va. 744, 748, 403 S.E.2d 761, 765 (1991). Further, West Virginia Code § 48A–1B–10 (1998) provides, in part, that "[t]he guidelines must be applied

to all actions in which child support is being determined. . . ."

Certain other statutory provisions and case law, however, provide for situations wherein a court or family law master may choose to deviate from the child support guidelines, but also limit the ability to do so. West Virginia Code § 48A–1B–14(a) (1998) provides that "[i]f the court or master finds that the guidelines are inappropriate in a specific case, the court or master may either disregard the guidelines or adjust the guidelines-based award ... [and] the reason for the deviation ... must be stated on the record (preferably in writing on the worksheet or in the order)."

■ Similarly, in the syllabus of *Holley v. Holley,* 181 W.Va. 396, 382 S.E.2d 590 (1989), this Court held:

When a family law master or a circuit court enters an order awarding or modifying child support, the amount of the child support shall be in accordance with the established state guidelines, set forth in 6 *W.Va. Code of State Rules* §§ 78–16–1 to 78–16–20 (1988), unless the master or the court sets forth, in writing, specific reasons for not following the guidelines in the particular case involved. *W.Va. Code,* 48A–2–8(a),[8] as amended.

181 W.Va. at 397, 382 S.E.2d at 591 (footnote added). Similarly, syllabus point three of *Gardner* states:

Once a family law master or circuit court finds that a party has shown a change of circumstances justifying modification of child support, the amount of child support shall be in accordance with the child support guidelines established pursuant to *W.Va. Code,* 48A–2–8(a) [1989], unless the family law master or the court shall determine, in a written finding or a specific finding on the record, that the application of the guidelines would be either unjust, inappropriate, waived by the parties pursuant to the safeguards outlined in W.Va. Code, 48A–2–8(a)(1) [1989], or contrary to the best interests of the children or the parties.

(1998).

**8.** These child support guidelines are now codified at West Virginia Code §§ 48A–1B–1 to –16

*Gardner,* 184 W.Va. at 261, 400 S.E.2d at 269.

■ Because West Virginia Code §§ 48A–1B–2(a) and –6(a) both provide that work-related child care expenses are to be added to the basic child support obligation, but since these provisions do not provide a specific age limit on the inclusion of these expenses, we must presume that the legislature intended for child care expenses to be included in all cases where appropriate, "unless the family law master or the court shall determine, in a written finding or a specific finding on the record, that the application of the guidelines would be either unjust, inappropriate, waived by the parties ... or contrary to the best interests of the children or the parties." Syl. Pt. 3, in part, *Gardner,* 184 W.Va. at 261, 400 S.E.2d at 269.

■ With no such specific finding (nor even an evidentiary basis upon which such a finding could have been based), the Family Law Master's finding that an eleven-year-old child does not need child care, and consequent refusal to include child care expenses in the child support calculation are clearly erroneous. Further, the Family Law Master's simplistic finding that "utilizing said day care is Plaintiff's choice but not required for a child of his age" is insufficient reasoning for not applying the guidelines in this case and is certainly not in the best interest of the child.

There may be circumstances where elementary age children must be left unsupervised, usually because necessitous economic circumstances dictate, or because there may be some instances where the factual record justifies the conclusion that it is not adverse to a child's interest. These instances should be the exception rather than the rule where a child in this age group is involved. Obviously, it is best for children to have a responsible care-taker present where at all possible. In *Wyant v. Wyant,* 184 W.Va. 434, 440, 400 S.E.2d 869, 874 (1990), we determined that where adequate financial resources are available, a parent should be permitted to stay home with pre-school age children. In *Ball v. Wills,* 190 W.Va. 517, 523, 438 S.E.2d 860, 865 (1993), we held that children should enjoy the level of living they would experience if both their parents were together. Certainly the record in this case is adequate to demonstrate that the parties have sufficient economic resources to afford work-related child care. Thus, work-related child care should be provided and the costs of such care should be factored into the child support formula.

■ In light of the principles articulated above, we hold that pursuant to West Virginia Code §§ 48A–1B–2(a) and –6(a) (1998), a family law master or a court must add work-related child care expenses to the basic child support obligation to determine the total child support obligation, unless the family law master or the court shall set forth in writing specific reasons for failing to do so. For this reason, we find that the Family Law Master erred by not adding the work-related child care expenses to the basic child support amount to determine the total child support obligation in this case.

B. Modification based upon 15% deviation

■ In Appellant's next assignment of error, she contends that the Family Law Master erred in determining that $425.00 per month, as opposed to $325.00 per month actually received, was the appropriate amount that should be used in determining whether a new child support calculation resulted in a 15% deviation. Conversely, Appellee argues that, in effect, the Family Law Master did not modify the child support obligation and therefore, did not have to follow the specific statutory guidelines. Appellee also maintains that the Family Law Master correctly found that $425.00 must be used as the base amount for determining the 15% deviation because the parties fairly reduced child support, by agreement, in consideration for Appellee's contribution toward the child's college expenses.

As explained above, the provisions of a child support order may be modified if there is a substantial change in circumstances, and West Virginia Code § 48A–1B–11 specifically provides that "[i]f application of the guideline would result in a new order that is more than fifteen percent different, then the circum-

stances are considered to be a substantial change."

When the parties divorced in 1988, the child support guidelines in effect at that time would have supported a child support award of $425.00 per month. *See* footnote 1. However, the separation agreement, which was incorporated into the final divorce order, only provided that Appellee pay Appellant $325.00 per month. This reduction in child support was based upon language in the agreement which provided that the reduction was agreed to in consideration of the equity Appellee had in certain marital property, in consideration of both parties' agreement to share in the cost of the health care of the child, and in consideration for Appellee's payment of the child's college tuition and books in an amount equivalent to that which is normally incurred by full-time in-state students at a four-year accredited state-supported institution.

Using the guidelines in place at the time of the hearing, the Family Law Master found that "the income shares child support formula calculates the amount due to be Four Hundred Eighty Six Dollar ($486.00) without day care expenses being included." *See* W.Va.Code §§ 48A–1B–1 to –16. In order to determine whether or not this new child support calculation was 15% more than the amount previously award, the Family Law Master also found that "the child support figure for modification purposes is Four Hundred Twenty Five Dollars ($425.00) a month. The Four Hundred Eighty Six Dollar ($486.00) is less than a Fifteen (15%) increase."

Such a finding by the Family Law Master is in contradiction to West Virginia Code § 48A–1B–11. A comparison of the amount of child support awarded in the old order with the amount to be awarded under the current guidelines is clearly contemplated by the language of that statutory provision. *See id.* Further, this statute anticipates that either a family law master or a court will look at the amount that a party *is actually receiving* for determining whether or not there is a 15% deviation. No statutory language, as it is currently drafted, would support a comparison of the amount *which could*

*have been awarded in the old order* with the amount to be awarded. Further, the Family Law Master in the instant case did not make any specific findings as to why he used the higher amount to determine if a 15% deviation existed. *See* W.Va.Code § 48A–1B–14; Syllabus, *Holley,* 181 W.Va. at 397, 382 S.E.2d at 591; Syl. Pt. 3, *Gardner,* 184 W.Va. at 261, 400 S.E.2d at 269. Accordingly, we find that the Family Law Master incorrectly used the $425.00 per month amount to determine if the deviation required for modification purposes was present.

## C. Effect of modification on previous agreement to pay for college

■ In Appellant's next assignment of error, she argues that the Family Law Master erred in determining that ordering a child support award consistent with the highest amount permitted under the guidelines would invalidate the parties' original agreement in which Appellee agreed to pay for his son's tuition and books in return for a one hundred dollar reduction in child support. Appellant also contends that the Family Law Master erred in failing to consider that Appellee also agreed to support her son through college. On the other hand, Appellee contends Appellant cannot now attack the former agreement, which was entered into in good faith and when both parties were represented by counsel.

In addition to the provisions of the parties' original settlement agreement discussed above, the last sentence of paragraph 3(c) of that agreement specifically provides that "the parties have agreed that the amount of child support set forth herein is fair and equitable under their present circumstances." The second section of paragraph 5 also provides, in part, that "[a]s the requirement for the continued obligation of the Husband and Wife to contribute to the child's education, the child shall, during each year he is enrolled, advise the Husband of the progress he is making toward a degree...." (emphasis added.) As argued by Appellant, this agreement evidences no intent to permanently deprive the child of receiving the full amount of child support, or any intent that the agreement to reduce child support could never be modified. Such an agreement would be void

as against public policy because, as is readily apparent in this case, circumstances inevitably change. Moreover, as Appellant contends, the agreement clearly evidences an intent that both parties have a responsibility to contribute to their son's education.

Although the parties agreed to a set amount of child support in the settlement agreement, the amount of support to which a child is entitled is never "locked-in" under West Virginia law, as "[c]hild support shall, under all circumstances, always be subject to continuing judicial modification." W.Va.Code § 48–2–16(a) (1998). In light of the clear language of the settlement agreement, we determine that the Family Law Master's refusal·to modify the child support obligation in this case was incorrect and his finding that such a modification would invalidate the previous agreement is insufficient reasoning for refusing to follow the child support guidelines. *See* W.Va.Code § 48A–1B–14; Syllabus, *Holley,* 181 W.Va. at 397, 382 S.E.2d at 591; Syl. Pt. 3, *Gardner,* 184 W.Va. at 261, 400 S.E.2d at 269.

D. Circuit court review of record

■ Finally, Appellant contends that the circuit court abdicated its duty to review the Family Law Master's ruling by its failure to review the record or hold oral arguments. Appellee contends that the circuit court found that the record developed by the recommended order, the exceptions and objections filed by Appellant and the response filed by Appellee was sufficient for review of this case.

■ In her brief, Appellant states that her attorney attempted to obtain a tape of the hearing before the Family Law Master, but was advised that no tape exists. Based on Appellant's limited assertion, but no further record as to whether the tape was actually made, then lost or misplaced, or if no tape was ever made of the hearing, we are unable to address this issue. However, we

take this opportunity to instruct all family law masters and parties regarding the importance of providing a sufficient record for meaningful review of domestic cases by both this Court and a circuit court.[9] "The ability to conduct appellate review ... is dependent upon the quality of the record presented by the parties." *Donna Kaye M. v. Justin Elliot M.,* 197 W.Va. 264, 267, 475 S.E.2d 356, 359 (1996).

IV. Conclusion

Based upon the foregoing, we reverse the decision of the Circuit Court of Kanawha County and remand this case with directions that an order be entered consistent with our holding.

Reversed and remanded with directions.

9. In syllabus point five of *State ex rel. Sullivan v. Watt,* 187 W.Va. 447, 419 S.E.2d 708 (1992), we held, in part, that "W.Va.Code, 48A–4–2(e) (1990) [now West Virginia Code § 48–4–9(e) (1999)], provides that hearings before a family law master shall be electronically recorded and requires the master, on request by either party, to provide a duplicate copy of the tape." Further, syllabus point six of *Sullivan* provides "that the record of proceedings before a family law master shall consist of the recording of the hearings of the transcript of testimony, as the case may be, and the exhibits, together with all papers and requests filed in the proceeding." 187 W.Va. at 449, 419 S.E.2d at 710.