# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**John M.,**
**Respondent Below, Petitioner**

**vs.)  No. 21-0377** (Marion County No. CC-24-2020-D-AP-2)

**Sharon M.,**
**Petitioner Below, Respondent**

## CORRECTED MEMORANDUM DECISION

Petitioner John M., by counsel Stephen A. Wickland, appeals the June 2, 2021, order of the Circuit Court of Marion County that denied his motion to eliminate the requirement that he pay spousal support to respondent Sharon M., his ex-wife. Respondent, by counsel Kristine A. Burdette, filed a summary response in support of the circuit court's order. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the order of the circuit court is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties married in 1972, separated in 1998, and were divorced by order entered on September 7, 1999. In their divorce order, the family court found that petitioner-husband was at fault for the breakup of the marriage due to his physical and emotional abuse of respondent-wife; and that wife had stayed at home to raise the parties' three children during part of the marriage and, as a result, sacrificed ten years of work history. At the time of their divorce, husband's yearly gross income was $60,996 and wife's yearly gross income was $24,468. The family court found that "[w]ife's income [was] far smaller than [h]usband's and she needs [spousal support] to maintain a reasonable standard of living." Accordingly, the family court ordered husband to pay wife $300 per month in spousal support beginning on June 1, 1999, and continuing until further order of the court, the death of either party, or the wife's remarriage. The family court allowed the parties to retain their IRAs as separate property, but the family court granted wife a 44.5% share of husband's pension benefits. Wife has not remarried and she retired in 2017. Husband later remarried, retired in 2019, and is sharing monthly expenses with his current wife.

1

On May 30, 2019, husband filed a "Motion to Eliminate Spousal Support" claiming that the parties' divorce decree did not allow spousal support to be taken from husband's separate property, and that wife's portion of his pension is more than wife's spousal support payment. Husband claimed that on May 30, 2019, he had $333,650 in total assets which included his home ($144,000), his cars ($19,650), stocks ($47,000), an IRA ($107,000), and bank accounts ($20,000). Husband further claimed that, on that date, wife had $470,000 in total assets which included her home ($125,000), her car ($20,000), a savings account ($45,000), and an IRA ($280,000). Wife filed an answer in which she argued that "there has not been a substantial change in circumstances since the entry of the last order." The family court held a hearing on husband's motion on October 31, 2019.

By order entered November 1, 2019, the family court denied the motion to eliminate husband's spousal support obligation. The family court found wife's monthly expenses to be $1,926.50 per month, leaving her with a monthly overage of $84.39; and husband's monthly expenses to be $1,779.50 per month, leaving him with a monthly overage of $3,528.43. The family court further found that wife's gross income was $2,010.89 per month, which included her social security benefits, her proceeds from husband's pension, and her spousal support payment from husband. The family court determined that, in 2019, wife was earning $337.32 less per year than she was earning at the time the final divorce order was entered in 1999. The family court also found wife's share of husband's pension was actually a result of the family court's property distribution order, and to include this amount in wife's income would wrongfully take away her equitable distribution share of the parties' marital property.

Moreover, the family court determined that wife was still in need of spousal support. Specifically, the family court found that:

8. If [wife's] pension payment is ignored, she has a gross monthly income of $1,589.50 less her monthly expenses of $1,926.50, which leaves her at a loss of $337.00 per month.

9. If one-half of [husband's] pension is ignored, he has a gross monthly income of $2,377.81 less his adjusted monthly expenses of $1,7779.50, which leaves him $589.31 per month.

10. Under both scenarios, [wife] is still in need of spousal support and [husband] has more than enough resources from his income to pay spousal support.

11. [Husband] argues that [his] earnings after marriage are separate property. While his earnings are his separate property, [husband] misses the mark that his income from retirement is still earnings. Further, [husband] argues that [wife] is "double dipping" in [his] pension if she continues to receive [spousal support]. Quite to the contrary, to require [wife] to use her portion of the pension penalizes her and provides a windfall to [husband].

Husband appealed the family court's order to the circuit court and wife filed a response. Following oral argument, the circuit court remanded the case to the family court for a

determination regarding whether a substantial change of circumstances had occurred that would justify a modification of wife's spousal support award. On August 28, 2020, the family court entered a new order in which it found that husband's income had increased despite his retirement and was more than twice that of wife's income. The family court further found that "there has been no substantial change in circumstances to warrant a modification [of wife's $300 monthly] spousal support [award]." The family court therefore declined to modify wife's spousal support award.

Husband appealed the family court's August 28, 2020, order to the circuit court claiming a substantial change in (1) the parties' needs; (2) the source of the parties' incomes; and (3) the parties' income potential. Wife filed a response claiming that the family court did not err in denying husband's motion.

On March 16, 2021, the circuit court entered an order that affirmed the family court's decision. The circuit court found no evidence in the record of a substantial change in circumstances that would justify a decrease in husband's spousal support obligation. The record showed wife continued to have a need for spousal support and husband had the ability to pay spousal support, in part, because husband's income was twice that of wife's income. As for husband's claim that the family court failed to consider his argument that West Virginia Code § 48-6-301(b)(5) prohibits the payment of spousal support from pension income, the circuit court found the family court correctly addressed that issue in its November 1, 2019, order when it found that (1) that despite husband's pension being his separate property, the income from husband's retirement was "earnings" subject to spousal support; and (2) even if half of husband's pension (the approximate portion earned during the marriage) was ignored, he had an overage of $589.31 per month. The circuit court also found that husband's assertion that the family court did not review wife's needs was unfounded.

On March 24, 2021, husband filed a "Motion to Alter or Amend Judgment" under Rule 59 of the West Virginia Rules of Civil Procedure. Wife filed a response on April 13, 2021. On April 14, 2021, the circuit court denied husband's motion, finding that husband was "[a]ttempting to get a second bite at the apple and relitigate this case" and that "[a]sking the court to reconsider its own Final Order is not the proper procedural avenue for [husband] to seek relief."

Husband now appeals. We apply the following standard of review:

> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004).

On appeal, husband first argues that wife failed to produce any evidence of her need for continued spousal support. He accordingly asserts that the family court erred in continuing wife's spousal support award and that the circuit court erred in affirming the family court's order. Below, wife filed a financial statement that included her monthly budget showing a monthly excess of

3

only $84.39. The family court reviewed the budget and concluded that wife had a continuing need for spousal support. Husband now claims that the family court did not properly analyze wife's budget. Having reviewed the record, we find that husband's claim lacks merit and that the family court's order is supported by the record. Accordingly, we conclude that the circuit court did not err in upholding the family court's order that continued wife's spousal support.

West Virginia Code § 48-8-103(b) provides, in part, that the family court

> may, upon motion of either party, revise or alter the order concerning the maintenance of the parties, or either of them, and make a new order concerning the same, issuing it forthwith, as the altered circumstances or needs of the parties may render necessary to meet the ends of justice.

We have found that a party seeking to modify a spousal support order "bears the burden of showing a substantial change of circumstances." Syl. Pt. 3, *Goff v. Goff*, 177 W.Va. 742, 356 S.E.2d 496 (1987).

Here, the record shows that husband's income has increased since the parties' 1999 divorce while wife's income has decreased. The record also shows husband is earning more income following his retirement than he was earning before his retirement. Hence, the family court could properly find that husband failed to meet his burden of demonstrating a substantial change in the parties' circumstances sufficient to warrant a modification of the spousal support order.

Regarding a change in the needs of the parties, in the parties' 1999 final divorce order, the family court found that wife needed spousal support to maintain a reasonable standard of living and that husband was at fault for the dissolution of the marriage due to his physical and emotional abuse. When the order on appeal in this case was issued, wife's income was lower than was her income in 1999, and husband's income was significantly more. The family court also found that husband had a monthly excess income of $3,528.43 and the ability to pay spousal support, and that wife had excess income of only $84.39. These findings support the family court's holding that wife had a continuing need for spousal support. On these facts, we find that the family court did not abuse its discretion in finding that no altered circumstances or needs justified a decrease in wife's spousal support award. Accordingly, we find that the circuit court did not err in affirming the family court's decision.

In husband's second assignment of error, he argues that both the family court and the circuit court erred in failing to apply "new laws," i.e., "West Virginia Code § 44-8-101" and "44-8-103(b)," to an "old divorce" and clearly erred in failing to find a significant change in the parties' circumstances since their 1999 divorce.

We first note that there are no West Virginia Code sections numbered § 44-8-101" and "44-8-103(b)." Moreover, Chapter 44 of the West Virginia Code regards the administration of estates and trusts. Chapter 48 of the West Virginia Code addresses domestic relations issues such as spousal support. Section 48-8-101 addresses the general provisions regarding spousal support, and Section 48-8-103 regards the payment of spousal support. Therefore, we presume that husband

meant to refer to Chapter 48 and not Chapter 44 in discussing spousal support. That said, husband also fails to state why those statutes are relevant or how they affect his case.

Moreover, husband argues that, in 1999, West Virginia Code § 48-6-301(b) had only sixteen "factors" but it "now" (no effective date provided) has twenty-four "factors." Husband also contends that both the family court and the circuit court "shut their eyes" to the "factors giving rise to spousal support in 1999" and, therefore, abused their discretion. However, husband does not identify those factors or state which of the sixteen or twenty-four factors are relevant to this case, nor does he discuss how a different application of those unnamed factors would result in a different outcome. Husband further argues that the court "did not even review new laws regarding modifications," without naming these new laws or stating what they provide. Husband notes that "some" (unnamed) states consider retirement to be a factor that may constitute a change in circumstances warranting spousal support modification. Finally, husband notes that retirement was an issue in *Hickman v. Hickman*, 210 W. Va. 608, 558 S.E.2d 607 (2001). However, he does not discuss *Hickman* or state how *Hickman* applies in this case.

We decline to review petitioner's second assignment of error because it is inadequately and confusingly briefed. "'[A] skeletal 'argument,' really nothing more than an assertion, does not preserve a claim. . . . Judges are not like pigs, hunting for truffles buried in briefs.' *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991)." *State, Dep't of Health & Hum. Res., Child Advoc. Off. on Behalf of Robert Michael B. v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995). "Although we liberally construe briefs in determining issues presented for review," *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996), we have often said that "a lawyer has a duty to plead and prove his case in accordance with established court rules." *State, Dep't of Health v. Robert Morris N.*, 195 W. Va. 759, 765, 466 S.E.2d 827, 833 (1995). "Lawyers who fail to follow our appellate rules inevitably generate a disjointed, poorly written, or difficult to understand brief, and they should not anticipate that this Court will find or make their arguments for them." *Metro Tristate, Inc. v. Pub. Serv. Comm'n of W. Va.*, 245 W. Va. 495, 502, 859 S.E.2d 438, 445 (2021). Such is the case here.

In his third and final assignment of error, husband argues that both the family court and the circuit court erred in failing to review wife's income from husband's pension, her potential income from her IRA, and her savings account with which she could meet emergencies, surprises, and taxes. However, contrary to husband's claims, the record establishes that the family court made findings regarding each type of wife's income. Moreover, the circuit court found that husband acknowledged that the family court received a full asset disclosure from wife before it issued its order. Thus, we find no error.

Accordingly, for the foregoing reasons, we affirm the circuit court's June 2, 2021, order

Affirmed.

**ISSUED:** September 21, 2022

**CONCURRED IN BY:**

5

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn